## JONES v. MATTHIESON.

1. CREDITOR: INSURANCE POLICY HELD BY: TRANSFER OF TO CREDITOR AFTER LOSS: RELEASE OF DEBT:· NO CONSIDERATION. Where a policy of insurance held by a creditor as part security for a debt, contained a provision that the loss if any should be payable to such creditor, " as his claim shall appear at that date," an oral agreement between the debtor and creditor after the liability on the policy had become fixed by a loss, that the creditor in consideration of the transfer of the debtor's interest in the policy to him would release the debt, if not executed by a cancellation of the note, is of no avail as a defense thereto, such agreement being without consideration.

2. INSTRUCTION: ABSTRACT PROPOSITION OF LAW: ERROR PREJUDICIAL. The giving of an instruction which is merely an abstract proposition of law without foundation in and not justified by the evidence, and, in view of the theory of the defense well calculated to mislead the jury, is error prejudicial to the plaintiff for which this court will reverse.

*Appeal from the District Court of Lawrence County.*

The facts appear in the opinion of the court.

*Corson & Thomas* for appellant.

I. At common law a plea of accord and satisfaction to constitute a good defense to an action upon a simple contract, must show an adequate consideration, or a release under seal. (II Parsons on Con., page 686; *Keeler v. Salisbury*, 33 N. Y., 648; *Stevens v. Maynee*, 11 East., 339; *Boyd v Hitchcock*, 20 Johns., 76; *Douglass v. White*, 3 Barb., Ch. 624; *Curran v. Rummell*, 118 Mass., 482; *Palleam v. Taylor*, 50 Miss., 251; *Stutz v. Newhall*, 118 Mass., 98; *Strange v. Holmes*, 7 Cowen 223; *Seymour v. Miniteen*, 17 Johns, 169.)

2nd. At common law also no accord and satisfaction could be pleaded to an obligation founded upon a specialty, such an obligation only being extinguished by a release under seal. (*Mitchell v. Hawkins*, 4 Denio, 414; *Harrison v. Close*, 2 Johns, 444; *Diderick v. Laman*, 9 Johns, 332.

By our Code only two important changes in the common law seem to have been made. The first is: That by section 861 all obligations, whether by parole or specialty may be extinguished by an accord and satisfaction; and the second is, that by section 862 part performance evidenced by a written acceptance, or made in pursuance of a written agreement, extinguishes an obligation without a technical release; and there must be now as formerly either an accord and satisfaction based upon an adequate consideration shown under section 681 or a written acceptance, etc., under section 862.

3rd. The evidence in this case fails to show that the plaintiff at the time of the alleged accord and satisfaction "received from defendant any benefit which otherwise he would not have had." (II Parsons on Con. 686.)

The Globe insurance policy for $1,000 was then and ever since its issuance had been in plaintiff's possession, indorsed "loss if any payable to plaintiff," and a balance of over $1,000 still due him from defendant. By the terms of the policy plaintiff had full authority to collect it in his own name, and to retain it until his debt was paid. (*Brown v. Roger William In. Co.*, 5 R. I., 394; *National Bank In. Co. v. Crane*, 16 Md., 260; *Fink v. Hampden In. Co.*, 31 Hon. 30; 45 Barb., 384; 1 Abbt., N. S., 343; *Graham v. Phœnix In. Co.*, 17 Hunn., N. Y., 156; *City Five Cent, etc., Bank v. Penn. In. Co.*, 122 Mass., 165.

4th. Had defendant had the policy at the time he could not have brought action in his own name without showing debt fully paid. (*Ennis v. the Harmony In. Co.*, 3 Bosw. 516.)

We consider, therefore, that the alleged agreement was a *nudum pactum*, and no part performance, evidenced by a written acceptance, on or in pursuance of any written agreement being shown, no defense was established.

II.  The court erred in giving the jury the instructions requested by defendant.

1st.  The instructions assume that there was evidence upon which the jury might properly find that the " plaintiff received and accepted from the defendant a policy of insurance from the Globe Insurance company, and that it was transferred to plaintiff by defendant in payment of balance due on note," at the time of the alleged accord and satisfaction, and was calculated to mislead the jury.

Both the evidence of plaintiff and defendant show conclusively that plaintiff did not receive or accept from defendant the Globe Insurance policy, and that the policy was not transferred by defendant to plaintiff at the time of the alleged settlement, or at any time subsequent to the execution of the note.  Yet the jury might have honestly believed without further explanation by the court, of the terms used, that the conversation detailed by defendant as occurring between him and plaintiff did constitute such a receiving and accepting of this policy by plaintiff from defendant and its transfer by defendant to plaintiff. (*Gillett v. Phelps*, 22 Wis., 437.)

III.  The verdict of the jury is against the instructions of the court.

1st.  The two instructions given at the request of the plaintiff, it will be observed are carefully drawn with reference to the undisputed and uncontradicted evidence in the case, and the jury had no right to disregard this evidence and find a verdict in accordance with their notions of right and justice.  In *Loomer v. Meeker*, 25 N. Y., 363, the court says " the positive testimony of an unimpeached, uncontradicted witness cannot be disregarded by the court or jury arbitrarily or capriciously.  They are bound to believe, for judicial purposes, such testimony, and it would in an instance like this be the clear duty of the court to set aside the verdict of a jury founded upon a disbelief of clear, uncontradicted and undisputed evidence."

How much more strongly does the rule apply to a case like the one now before the court, where the facts upon which the instructions are based are testified to by both plaintiff and defendant,

and in which statement of facts they agree—and there is no other evidence upon these points in the case. Can a jury under such circumstances, be permitted to disregard such evidence and find an arbitrary verdict ?

2nd.   If the verdict is against the instructions of the court as we insist it clearly is, then it follows that it is against law, as the law given in the instructions must be regarded as the law for the purposes of this case.

IV.   The verdict of the jury is against the evidence.

V.   The evidence is insufficient to justify the verdict.

Upon what theory can this verdict be said to have been found that is not directly opposed to the evidence ?

Plaintiff prior to the time that he is alleged to have made the statement with defendant—possessed every right—had every remedy and was vested with as full power and control over his policies of insurance as he had possessed or enjoyed after this conversation or alleged agreement with defendant. That interview added nothing to his right or power and conferred not the slightest benefit upon him that we can discern.

Where then is the agreement of accord and satisfaction based upon an adequate consideration that can relieve this defendant from liability upon this unpaid note ? No reasonable theory can be found for the jury other than that they must have entirely misunderstood the testimony or neglected to consider it. The verdict is not only against the evidence but entirely unsupported by it.

It will be observed from an examination of the record that the questions of fact which were passed upon by the jury on the trial of this cause, constitute nearly all that this court is called upon to review. The questions of law, the facts having been ascertained and determined by the jury, form but a small part of this controversy. The appellant and respondent are the only witnesses that testify to anything material, and between them there is some conflict, but the jury after considering all the surrounding circumstances, have said by the verdict, which had the preponderence of testimony. An intelligent jury as there was in this case, seeing the witnesses upon the stand, are better judges of what should be

received as facts than any person can be who reads the evidence after it is given, and court will not set aside the verdict of a jury based upon facts alone, unless the jury have clearly manifested an abuse of their powers. It is admitted the note sued upon, was made and executed by the respondent, as stated in the complaint, and it is also admitted that the several payments endorsed upon the note, were made at the time, and in the manner there shown. The appellant, Jones, brings his action now to recover what he claims is the balance due, after the payments made November 16, 1875. The respondent, Matthieson, answers, alleging that at the time the last payments were made, November 16, 1875, a settlement was made between himself and Jones, and the note was delivered up to him, that Jones received in payment for the unpaid balance a certain insurance policy of the Globe Insurance company of one thousand dollars. The testimony of Jones conflicts in some particulars with Matthieson in regard to how the Globe Insurance policy should be considered, whether a payment in full of the balance due on the note, or whether he received it for collection, and if collected the amount thereof to be applied in payment of the notes.

Jones testifies as follows: "After the building burned Matthiesson called at my office and said he had nothing left; had lost everything, and wanted me to call the money I was to receive on the insurance a settlement in full. I agreed to compromise provided the insurance was all paid. * * * I agreed at that time if the insurance was all paid to cancel the debt."

Jones further testifies that he refused to surrender the note. This testimony contradicts that of Matthieson. Then it became a question for the jury alone to determine which statement under all the circumstances should be entitled correct.

Jones in his evidence says after the fire Matthieson had lost everything, he was financially ruined, but to pay his indebtedness to Jones these insurance policies were turned over, and a settlement made. Can there be anything more reasonable in the ordinary course of business than just such a transaction as Matthieson narrates, and it was the province of the jury to consider all these matters in connection with the testimony. The St. Joe and

United States Insurance companies paid the amount without waiting the sixty days, a condition contained in all or nearly all insurance policies.

Matthieson testifies as follows: " When it (that is the money of the two last named companies) was paid over, the insurance agent made the remark that if he wanted the money right off, he might get it by allowing the discount, which he (Jones) refused, expecting every day to hear from that company. Jones handed the note over to me and told me, 'now this note is settled.'"

This testimony is undisputed, except the surrendering of the note. It is submitted that a more natural course of business could hardly ever occur under such circumstances, and it was the privilege and duty of the jury to weigh everything which had any bearing or threw any light upon the facts as they actually occurred to enable them to render a just verdict. *The verdict must be presumed to be right until the contrary appears.*

"As it is the peculiar and exclusive province of the jury to weigh and decide upon the evidence, it will be presumed not only that they are fully qualified to discharge their duty, but that they have done so." (Graham & Waterman, new trials, vol. 3, page 1259.)

" When the evidence is conflicting, the verdict will not be disturbed." (Graham & Waterman, new trials, vol. 3, page 1240.)

A new trial is rarely granted where there is any conflict of evidence. (*Cohen v. Dupont*, 1 Sand., 262: *Mann v. Witbeck*, 17 Barb., 388; 5 Sand. 180; *Maxwell v. McIlvoy*, 2 Bibb., 211; *State v. Yellow Jacket Mining Co.*, 5 Nev., 415; *Lockwood v. Stewart*, 12 Wis., 628: 13 id., 617, 14 id., 687; *Whitney v. Blunt*, 15 Iowa, 283; *Kile v. Tubbs*, 32 Cal., 332, 530; *Graham v. Waterman*, vol. 3, page 1261.)

The decisions of all the courts seem to be unanimous, that the verdict of a jury will not be set aside where the testimony is conflicting. It is not enough that the court would have rendered a different verdict, for the jury who are the peculiar judges of the facts are entitled to decide upon the evidence.

The second error complained of is that the court erred in giving

the instruction asked for by the defendant. This instruction contains all there is in controversy in this case, and as has before been stated, it was wholly a question of fact for the jury and the court very properly gave the instruction.

When the evidence is examined, it will be seen that no error was committed by the court in this regard. The instructions asked by the plaintiff and given to the jury by the court contain good propositions of law, but we fail to see their application to the case at bar, and the learned judge who tried the cause must have so considered them. Nothing could have been more favorable for the plaintiff than the instructions given.

The last instruction asked by the plaintiff, is as follows: "The defense in this action is an affirmative one, and the defendant must establish by a preponderance of evidence, the burden of proof being upon him." But who are the judges of the preponderance of the testimony? The jury, not the Court. If there is no evidence to support the verdict, the verdict will, of course, be set aside; but even if a great preponderance of the evidence be against the verdict, and there be but little to sustain it, the court will not disturb the verdict. (*Graham v. Waterman*, New Trials, vol. 3, p. 1296; *Laflin v. Pomeroy*, 11 Conn., 440; *Hill v. Ward*, 2 Gilman, Ills., 285; *Wendell v. Safford*, 12 New Hampshire, 171; *Clark v. Whittaker*, 19 Conn., 314; *Osborn v. Marquand*, 1 Sand, 457; *Sweeney v. Bledsoe*, 8 Humph., 612; *Rathban v. Staunton*, 6 Barb., 141.)

The Court, in conclusion, then charged the jury as follows: "You are the judges of all the facts in the case." It will be seen, therefore, that the questions of fact were submitted, and properly to the jury, and the verdict, unless some manifest wrong has been committed, will not be set aside. The questions of law as given by the Court to the jury were certainly such that the plaintiff has no reason to complain, and if the facts were found against him, it is not the province of the Court to say that a jury of twelve men are all wrong. The Judge who tried this case in the court below must have been of like opinion or he would have granted a new trial upon plaintiff's motion. It seems to us that nothing more need be said to convince this court that the judgment should be

affirmed, but the appellant hangs his hope upon the slender thread of accord and satisfaction, and we will call the attention of the court to the law as we understand it, and also again to some testimony given on the trial.

It is claimed by the appellant that there was no settlement between the parties, for the balance due on the note, and that there was not a legal accord and satisfaction, as the plaintiff's counsel urge. What is an accord and satisfaction? An agreement between two persons, one of whom has a claim for the payment of an indebtedness, that something different, usually less, shall be given and received in place of what might be legally enforced. Assuming this to be the correct definition, does not the proof warrant the jury in finding the verdict they did. The note was the evidence of the indebtedness from Matthieson to Jones, and action could have been brought upon it any time after it became due and payable. But it is said by the plaintiff that a policy of insurance issued by the Globe Insurance Company for $1,000 was drawn in such a manner that in case of loss by fire the plaintiff, Jones, should receive the amount to be paid by the insurance company, if it should appear by the note that a sum equal to the liability of the insurance company was due and unpaid. It cannot be held that a settlement made between the parties for the unpaid balance is no settlement, and whether there was an agreement, as the defendant claims, and settlement, was a fact for the jury to ascertain. Jones could not have collected one dollar of this insurance, unless he presented the note to show what was due him, and would have no right to any part of the money until he produced the note and proved the amount unpaid.

The undisputed and confessed is proof that Jones received the money upon two policies, and could have received the amount of the Globe policy by allowing the discount usually required by insurance companies. A note of the debtor, endorsed by a third person, though for less than debt, if accepted in full satisfaction, is an accord and satisfaction. (*Boyd v. Hitchcock*, 20 Johns, 76; *St. John v. Purley*, 1 Sanf., 9; 1 Sand., 50; *Williams v. Phelps*, 12 Wis., 83; 16 Johns, 86, 88; *Farmers' Bank of Amsterdam v. Blaine*, 44 Barb., 641; *Luke v. Johnnycake*, 9 Kans., 611.)

Jones v. Matthieson.

Where specific property is delivered to a creditor in payment of a debt and the debtor released by any act of the creditor, it is a good satisfaction of the demand   (*Anderson v. Highland Turnpike Company*, 19 Johns, 86, 88; *Boyd v. Hitchcock*, 20 Johns, 16; *Le-Page v. McCrea*, 1 Wend., 172; *Booth v. Smith*, 3 Wend., 68; *Farmers' Bank of Amsterdam v. Blair*, 44 Barb., 641.)

The verdict of the jury is not against law nor against the instructions of the Court, and is fully supported by the evidence.   The testimony of the defendant was received without objection, and the jury had the right to give it such weight as in their judgment it deserved.   If true, as they found it was, then the defense was perfect and the verdict correct.   Whatever control the appellant had over the insurance policies is immaterial.   If he acted as trustee or custodian, very good; but when he agreed to and did receive the Globe insurance policy in full payment of the balance of the note and delivered up the note, then the debt was canceled. The judgment of the District Court should be affirmed.

MOODY, J.—This action is for an alleged balance of $1,308 and interest due upon a promissory note, given at Salt Lake City, Utah Territory, January 19, 1875, by Matthieson to Jones.

The defendant Matthieson in his answer admits the execution and delivery of the note, alleges payment and also an agreement to leave the note in plaintiff's possession, to enable him to collect an insurance policy assigned by defendant to plaintiff upon certain leasehold property of defendant, situated in Salt Lake City, theretofore destroyed by fire.

The action was tried to a jury, a verdict and judgment was rendered and entered for defendant, and plaintiff appeals.

Upon the trial, the Court, at the request of defendant, gave the following instruction :

"If the jury believe from the evidence that on or about the 16th day of November, 1875, the plaintiff received and accepted from the defendant a policy of insurance from the Globe Insurance Company, and that was there transferred to him by defendant in payment for the balance due upon the note sued upon in the

action, due from the defendant to the plaintiff, in full satisfaction thereof, and delivered the note to defendant at the time the agreement was made, your verdict should be for defendant."

The giving of this instruction is alleged by appellant to be error, because it assumes, contrary to the fact, that there was evidence upon which the jury might properly find that "the plaintiff received and accepted from the defendant a policy of insurance from the Globe Insurance Company, and that it was transferred to plaintiff by defendant in payment of the balance due on the note," and was therefore calculated to mislead the jury.

All of the evidence adduced upon the trial is set out in the bill of exceptions at length, and consists, beside the note in suit, of the testimony of the plaintiff and defendant only.

We have carefully examined the evidence and find nothing which tends to prove that the plaintiff received and accepted from the defendant a policy of insurance from the Globe Insurance Company, or that one was transferred to plaintiff by defendant, in payment for the balance due on this note, or that tends in any manner to support the theory embodied in the instruction.

The undisputed facts clearly established, are: that at the time the note was given, the defendant Matthieson transferred to the plaintiff Jones a leasehold interest in certain real property in Salt Lake City, to secure the payment of the note. At the same time as further security, policies of insurance—among them this one in the Globe—were taken out upon the property, endorsed, as is usual in such cases, "Loss, if any, payable to T. R. Jones, as his claim shall appear at that date," and were delivered to the plaintiff who always retained the possession of this policy in the Globe.

On the 30th or 31st of October, 1875, following the date of the note, the insured property was burned and destroyed, and the liability of the Globe Insurance Company to pay the plaintiff the face value of the policy became fixed; the amount of his "claim," to-wit: the amount due plaintiff upon the note then exceeding such face value.

Thereafter the plaintiff made an attempt to collect this policy, but the insurance company proving insolvent nothing was ever realized therefrom.

From these undisputed facts the conclusion is manifest that the plaintiff all the time possessed the policy, was entitled to retain and collect it; the company was liable to him for the full amount thereof, and the defendant had no right thereto, and no interest therein which he could transfer, at least until he paid the plaintiff his debt, which he never did.

Matthieson testifies, which Jones denies, but which for the purposes of the question under consideration must be taken as true, that about two weeks after the fire and on the 15th or 16th of November, 1875, he and Jones had a settlement, and at that time Jones agreed to take this Globe policy in full payment of the note and throw off the balance due, and at the same time handed the note to him, saying : " Now this note is settled;" that " he returned the note to Jones because he was entitled to the other thousand dollars in the Globe Insurance Company, which was not paid at that time but expected to be paid any moment. There was a condition in the policy that he was to receive the amount that was ascertained to be due upon the note at the time of their liability; I returned the note to him so that he could collect the insurance policy; he promised to return the note as soon as he collected the insurance policy; I made no effort to get the note from Jones; I never had the insurance policies in my possession; they had always been in the possession of the plaintiff Jones."

This is all the evidence which can be claimed as in any way supporting the instruction asked for and given; and this only tends to prove that Jones agreed to retain what was already wholly his own by right, and without consideration agreed that this should be a settlement of the note. It in no way tends to prove the theory put to the jury by the instruction that there was at the time of this alleged settlement, transferred by defendant to plaintiff, a policy of insurance in the Globe Insurance Company which was received and accepted by plaintiff in payment for the balance due upon the note sued upon and in full satisfaction thereof.

It will be observed this was an attempt at proving an accord and satisfaction, and not a payment, as the defendant had plead.

No point regarding the variance, however, was made in the court below or here, and we are not called upon to consider the

effect of such variance, only so far as it may have a bearing upon the exception to the instruction in question.

The evidence falls far short of proving an accord and satisfaction.

The defendant neither gave nor agreed to give anything which the plaintiff did not have, and the plaintiff did not receive or agree to receive anything which he did not already possess and was entitled to. The agreement, if one was made by Jones, (which he denies,) to take the policy in full payment and satisfaction of the defendant's note, was without consideration, and if not executed by the cancellation of the note, would be of no avail as a defense thereto.

The instruction was in the nature of an abstract proposition; had no foundation in, and was not justified by the evidence, and in view of the theory of the defendant was well calculated to mislead the jury, and was error prejudicial to the plaintiff.

This, of course, disposes of this appeal, and as the cause must go back for a new trial we do not deem it proper to pronounce any opinion upon the effect of the alleged delivering up of the note in controversy; but leave the question whether such acts did transpire between the parties as would amount to a cancellation of the obligation, to be determined upon the new trial.

The judgment is reversed and a new trial ordered with costs to the appellant.

All of the Justices concurring.