## HAGEN v. TOWNSEND & WHITE.

An agreement to receive a less amount than the sum claimed to be due cannot be the basis for an accord and satisfaction.

An accord must be founded on a valuable consideration, and a debtor, paying the exact amount which he concedes to be due, the creditor claiming a greater sum, gives no consideration.

Where, in an action involving the issue whether defendant was indebted to plaintiff in a specified sum for wheat bought, or was indebted only in a less sum, which defendant had paid, the evidence merely showed a dispute between the parties as to the amount due, and that defendant gave a check for the amount he conceded was due, without any agreement to receive the check in full settlement, an instruction submitting the issue of accord and satisfaction was erroneous, necessitating the setting aside of a verdict for defendant.

A creditor, who receives in payment a check for a less sum than is claimed to be due, and who indorses the check, which does not purport to be in full payment for the creditor's claim, does not thereby bind himself to receive the proceeds of the check in full settlement of his claim, within Rev. Civ. Code, § 1180, providing that part performance of an obligation, when accepted by the creditor in writing in satisfaction, extinguishes the obligation.

(Opinion filed May 31, 1911.)

Appeal from Circuit Court, Beadle County.  Hon. ALVA E. TAYLOR, Judge.

Action by O. S. Hagen against Townsend & White, copartners.  From a judgment for defendants, plaintiff appeals.  Reversed.

*O. S. Hagen, C. A. Kelley,* and *James Byrnes,* for appellant.
*T. M. Simmons,* for respondents.

WHITING, J.   Appellant sued to recover the balance claimed to be due for certain wheat sold respondents.   The complaint alleged the sale of 423½ bushels at 91 cents per bushel, or a total of $385.38 worth, and admits the receipt in part payment of a check for $360.20, claiming an unpaid balance of $25.18.   The amended answer admits the purchase of wheat, but sets forth that there were but 409 bushels, and that the purchase price thereof was 88 cents per bushel, or a total of $360.20, which had been paid in full.   Verdict and judgment were for the defendants.   A new trial was denied, and an appeal taken from the judgment and order denying a new trial.

[1] There are several assignments of error, only one of which needs our attention.   There was no plea of accord and satisfaction. There was no evidence whatsoever tending to prove an accord and satisfaction; the evidence simply showing a misunderstanding and dispute between the parties as to the amount due the appellant, and that, at the end of their dispute, the respondents gave appellant a check for the amount which they conceded was due to him.   There was no agreement, either oral or in writing, to receive the check in full settlement; in fact, there was nothing upon which the trial court could rightfully base an instruction concerning the defense of accord and satisfaction.   The court instructed the jury at length upon the law of such a defense, and advised them that if they should find that there was a dispute between the parties as to the amount justly due, and that dispute was settled by giving the check, and such check was received in full settlement of the claim, their verdict should be for the defendants.   The decision of this court in Eggland v. South, 22 S. D. 467, 118 N. W. 719, construing the statutes of this state, is conclusive of the questions here, holding, as it does, that an agreement to receive a less amount than a sum claimed to be due cannot be the basis for an accord and satisfaction.

[2, 3] In addition to the reasons set forth in the Eggland Case, we find, in this case, that the respondents gave no considera-

tion whatsoever upon which an accord and satisfaction could be based; they paid the exact amount which they conceded to be due appellant. Walston v. Calkins Co., 119 Iowa, 150, 93 N. W. 49. As is well said in 1 Enc. L. & P. 607: "The agreement of accord must be founded upon a valuable consideration, a benefit, or possibility of benefit, accruing to the creditor or person relinquishing a demand or cause of action, or a detriment to the other party. Without some such consideration, the agreement is nudum pactum." The case of Jones v. Matthieson, 2 Dak. 523, 11 N. W. 109, was almost or quite upon all fours with this case in the nature of the evidence and the instructions given by the trial court, and the following words of Justice Moody in the opinion in that case would well apply to the record herein: "The instruction was in the nature of an abstract proposition, had no foundation in and was not justified by the evidence, and in view of the theory of the defendant was well calculated to mislead the jury, and was error prejudicial to the plaintiff." It is impossible for this court to say that the verdict for the respondents was not based upon the erroneous instructions.

[4] Respondents insist that there was a written acceptance of the part performance, if it were a part performance only, of their obligation, and that under section 1180 of the Revised Civil Code of this state their obligation was extinguished. They base their claim upon the fact that a check was given for this wheat, and, in indorsing same, the appellant bound himself to receive the proceeds in full settlement of his claim. There is nothing to this contention. There is no evidence to show that such check purported to be in full payment for the wheat; but, even if it had such a clause in it, its indorsement by appellant, if construed as an agreement to accept same in full of his claim, would still be without any consideration whatsoever, and not binding upon him.

The judgment of the trial court, and order denying a new trial, are reversed.