QUALSETH, Respondent, v. THOMPSON, Appellant.

(183 N. W. 116.)

(File No. 4876.   Opinion filed June 2, 1921.)

**Accord and Satisfaction—Plaintiff Claiming Balance Due, Defendant Claiming Off-set and Tendered Compromise Offer As—Balance, Plaintiff's Unconditional Indorsement and Cashing of Check,**

**Whether Accord and Extinguishment of Debt—Rule Re Creditor's Duty Stated.**

Where plaintiff claimed a balance due from defendant for cutting logs into lumber, defendant claiming off-set on account of defective sawing and waste, but offered nearly the amount of plaintiff's claim in compromise settlement, and gave his check therefor on face of which was ·indorsed "balance for sawing lumber," and plaintiff, aware of the condition, indorsed and cashed the check; **held,** that such unqualified indorsement of the check, and knowing that defendant claimed an off-set against total amount of his bill, was in law an acceptance in writing of the condition, and the obligation was extinguished; there being an accord and satisfaction under Sec. 787, Code 1919, providing that part performance of an obligation when expressly accepted by creditor in writing in satisfaction, or rendered pursuant to an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation. **Held,** further, that when a check is sent on condition that it be accepted in full payment of disputed claim, creditor as a rule must pursue one of two courses: either decline the offer and return the check, or accept it with the condition attached; if he indorses and collects check, knowing it was offered only on condition, he agrees thereto and is estopped from denying such agreement.

Appeal from Circuit Court, Minnehaha County. Hon JOHN T. MEDIN, Judge.

Action by Tom Qualseth, against Gunerius Thompson, to recover an alleged balance due plaintiff for work and labor performed for defendant in cutting cottonwood logs into lumber. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Krause & Krause,* for Appellant.

*Keith & Luddy,* for Respondents.

Appellant cited: 1 R. C. L., page 196, Sec. 32; 1 Corpus Juris, page 556, Sec. 78; Nassoig v. Tomlinson (N. Y.) 51 A. S. R. 695; Fuller v. Kemp, 138 N. Y. 321, 20 L. R. A. 785.

Respondent cited: Hagen v. Townsend & White, (S. D.) 131 N. W. 512; Siegele v. Des Moines Mutual Hail Ins. Assn., ·132 N. W. 696.

GATES, J. Plaintiff performed work and labor for defendant in cutting cottonwood logs into lumber with a portable saw. After crediting certain payments, plaintiff claimed a balance of $473.62 to be due from defendant. Defendant claimed

an offset on account of defective sawing and waste. Plaintiff, as a witness, testified as follows:

"Q. And did not Mr. Thomson then tell you he was willing to pay you $400 and call it square? A. Yes, sir, and I told him I would not accept that.

"Q. And then, after that, he met you on the road near Colton, and you asked him when you could expect your balance? A. Yes, sir.

"Q. And he then told you again, did he not, that the loss to him on the lumber was greater than he had figured or guessed, but that since he had told you he would give you $400 as settlement of balance due you, he would not go back on that? A. Yes, sir; Thompson said "I ain't got the money now, but will come over and pay you some time," and I waited a month.

"Q. And you afterwards went to his house? A. Yes, sir.

"Q. And he told you he would pay you the $400, as he had before told you? A. Yes, sir.

"Q. And that he considered that would be in full settlement of the balance he owed you? A. Yes; and I told him I would see about that."

Defendant executed and delivered to plaintiff his check upon a bank in the sum of $400, upon the face of which he wrote the following: "Balance for sawing lumber." Plaintiff, being aware of the condition, indorsed and cashed the check, and later brought suit for $73.62 in the municipal court of Sioux Falls. From a judgment for plaintiff, defendant appealed to the circuit court of Minnehaha county. Upon the trial in that court the jury gave plaintiff a verdict for $73.62. From the judgment and an order denying new trial, defendant appeals.

The only question before us is whether there was an accord and satisfaction of the indebtedness. Section 787, Rev. Code 1919, provides:

"Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

The question is whether the unconditional indorsement of the check with knowledge of the condition on the face thereof

and knowledge of a real dispute as to the amount due constituted an acceptance in writing. Our attention is called to Siegele v. Ins. Ass'n., 28 S. D. 142, 132 N. W. 697. In that case the check had a similar condition upon its face, but above his indorsement on the check the payee wrote: "Accepted in part payment of loss by payee." This was held not to be an acceptance in writing of the condition. Attention is also called to Hagen v. Townsend, 27 S. D. 457, 131 N. W. 512, but in that case there was no condition noted on the check.

In 1 R. C. L. 196, we find the rule thus stated:

"And when a check is sent upon the condition that it be accepted in full payment of a disputed claim, there is, as a general rule, but one of two courses open to the creditor; either to decline the offer and return the check or accept it with the condition attached. The moment the creditor indorses and collects the check, knowing it was offered only upon condition, he thereby agrees to the condition, and is estopped from denying such agreement. * * * In order that the acceptance of the check or remittance shall operate as a full discharge, the circumstances must, of course, be such as to indicate clearly to the creditor that it is sent upon such condition."

It seems to us that the circumstances of this case bring it within that rule.

We are therefore of the opinion that, upon the plaintiff's own version of the facts, the unqualified indorsement of the check by him, knowing of the condition noted on the face of the check, and knowing that defendant claimed an offset against the total amount of his bill, amounted in law to an acceptance in writing of the condition, and therefore that the obligation was extinguished. The trial court should therefore have granted defendant's motion for a directed verdict for defendant.

The judgment and order appealed from are reversed.