ADAMS, Respondent, v. MOREHEAD, Appellant.

(186 N. W. 830.)

(File No. 5011.   Opinion filed February 16, 1922.)

Accord and Satisfaction—Recovery for Attorney's Services, Defense Accord and Satisfaction—Check for Less Amount "To Close Account," Cashing Draft With Request of Note for Balance, Whether Acceptance of in Satisfaction—Statute.

Where, in a suit to recover for attorney's professional services defense was accord and satisfaction; defendant having written plaintiff his bill was exorbitant, and having later sent a draft for $100 "to close my account," plaintiff in writing acknowledging receipt and asking defendant to sign and send

him note for balance, but having cashed the draft; held, construing Sec. 787, Code 1919, that a case otherwise falling under said section is covered thereby regardless of whether the agreement to accept part payment was or not without consideration; disapproving Higgens v. Townsend, 27 S. D. 457, wherein it was stated, **obiter**, that even though the check there in question purported to be in full payment, its endorsement by the payee, if construed as an agreement to accept same in full of his claim, would be without consideration and not binding.

Anderson, J., not sitting.

Action by B. A. Adams, against G. A. Morehead, to recover an amount claimed for professional services performed; the defense being accord and satisfaction. From a judgment for plaintiff upon directed verdict, and from an order denying a new trial, defendant appeals. Reversed, and remanded for further proceedings.

*Harold W. King,* for Appellant.

No Appearance for Respondent.

GATES, P. J. Action to recover $140.83 claimed to be the balance due on an account for professional services. Defense: Accord and satisfaction. Defendant wrote plaintiff that his bill was exorbitant, and offered to pay $100 in settlement. Later he sent plaintiff a draft for $100 "to close my account." Plaintiff in writing acknowledged receipt of the draft, and asked defendant to promptly sign a note for the balance and send it to him. Plaintiff cashed the draft. Upon the trial both sides moved for a directed verdict. The trial court granted plaintiff's motion. Defendant appeals.

In Qualseth v. Thompson, 44 S. D. 190, 183 N. W. 116, we held that, by indorsing and cashing a check marked "balance for sawing lumber," and having knowledge of a real dispute as to the amount due, the plaintiff in that case accepted in writing a part performance of the claimed obligation in satisfaction thereof. Section 787, Rev. Code 1919. The only distinction between that case and this is that here the draft was accompanied by a letter stating that it was "to close my account." The draft and the letter when read together present the same situation that arose in the Qualseth case, and that case is followed.

In Hagen v. Townsend, 27 S. D. 457, 131 N. W. 512, we said:

"There is no evidence to show that such check purported to be in full payment for the wheat; but, even if it had such a clause in it, its indorsement by appellant, if construed as an agreement to accept same in full of his claim, would still be without any consideration whatsoever, and not binding upon him."

This statement was obiter, and is now disapproved. It is clear that a case which otherwise falls under Rev. Code 1919, § 787, is governed thereby regardless of whether the agreement to accept part payment was or was not without a consideration.

The judgment and order appealed from are reversed, and the cause is remanded for further proceedings in harmony herewith.

ANDERSON, J., not sitting.