HAMBURGER, Appellant, v. ECONOMY DEPARTMENT STORE, Respondent.

(222 N. W. 603.)

(File No. 5746. Opinion filed December 31, 1928.)

Cherry & Davenport, of Sioux Falls, for Appellant.
Parliman & Parliman, of Sioux Falls, for Respondent.

BURCH, P. J. On the 8th of February, 1923, defendant, a merchant of Sioux Falls, ordered 669 pairs of shoes of plaintiff, a wholesale merchant of Boston. The shoes were ordered and billed at specified prices per pair. On receipt of the shipment, defendant returned 72 pairs and received credit at invoiced price on his account for the shoes returned. A little more than a month later, after repeated demands for payment, defendant returned 258 pairs more, claiming that they did not conform to sample, and notified plaintiff of the return shipment stating, "remittance for balance of account will follow in a few days." On receipt of this letter, plaintiff wired defendant that the shoes returned would not be accepted. On April 20th, defendant, after receipt of the telegram, sent to plaintiff a check for $552.60, with a remittance sheet reading as follows:

"Sioux Falls, S. D., Date April 20, 1923.

"M. Hamburger Shoe Co.,
        Boston, Mass.

"Enclosed please find check for amount of invoice as follows:

| Date of Bills. | Amount. | Mdse. Ret'd. | Net. |
|---|---|---|---|
| 2/17 | 531.00 | 324.00 | 207.00 |
| 2/17 | 720.90 | 375.30 | 345.60 |
| | | Total Amount.........$552.60 | |

"Remarks: Closes Account to date.
                "Yours truly,
                        "Economy Department Store."

The 258 pairs came back to defendant at Sioux Falls, who also refused them, and the record does not disclose what became of them. Plaintiff indorsed and cashed the check and demanded payment of the balance, being the invoice price of the 258 pairs that defendant had attempted to return, but which plaintiff had refused. Defendant refused to pay, and plaintiff brought this action. At the close of all the evidence, both parties moved for a directed verdict and both motions were denied. The case was submitted to the jury, which found a verdict for plaintiff for $537.30, with interest. Thereafter defendant moved for judgment notwithstanding the

verdict on the ground that plaintiff, by indorsing and cashing the check, had agreed to accept the amount in full satisfaction of a claim against defendant. This motion was granted, and plaintiff appeals from a judgment dismissing the action and an order denying a new trial.

The sole question is, Was there an accord and satisfaction under the facts above stated? To constitute an accord and satisfaction, there must have been an agreement between appellant and respondent to extinguish the obligation in a given manner, and a compliance with such an agreement by the defendant. The agreement is the accord, and the execution of the new agreement is the satisfaction. Thus the new executed contract takes the place of and satisfies the old executory contract. At common law, accord and satisfaction arose most often in settlement of disputed claims, and, when it was attempted to be applied in settlement of undisputed claims, the question of consideration for the new contract was a material and often a close question. If it appeared that the debt was a fixed and undisputed amount, an agreement by the creditor to take a lesser sum in satisfaction was held to be without consideration unless consideration otherwise appeared in the terms of the contract, such as payment before due or satisfaction in some manner other than in money. But we have a statute which makes a discussion of consideration unnecessary. Section 787, R. C. 1919 provides: "Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

In Qualseth v. Thompson, 44 S. D. 190, 183 N. W. 116, this court held that an unqualified indorsement of a check on the face of which was indorsed "balance for sawing lumber," with knowledge that defendant claimed an offset against the total amount of the bill, was in law an acceptance in writing of the condition, and the obligation was extinguished. In the instant case the check did not contain a statement on its face or elsewhere that it was tendered in full of account, or other words of similar import, but it was accompanied by a statement of account saying, "closes account to date." In Adams v. Morehead, 45 S. D. 216, 186 N. W. 830, this court held that, where a remittance was accompanied by a

letter stating that it was sent "to close my account," where plaintiff in writing acknowledged receipt and asked defendant to send him a note for the balance and in the meantime he cashed the draft, that amounted to an acknowledgment in writing. But in Siegele v. Des Moines Mutual Hail Insurance Association, 28 S. D. 142, 132 N. W. 697, this court held that there was no acknowledgment in writing where a check was sent in satisfaction of a claim reciting on its face, "This check accepted as payment in full for all claims to date," and the creditor cashed it, but wrote under his name: "Accepted in part payment of loss by payee." In discussing the case, Judge Whiting, who wrote the opinion, says: "This check was not 'accepted in writing' in satisfaction of the disputed claim; as a matter of fact, the assured by his act refused to so accept same." In Hagen v. Townsend & White, 27 S. D. 457, 131 N. W. 512, this court held that an agreement to receive a less amount than the sum claimed to be due cannot be the basis for an accord and satisfaction, citing Eggland v. South, 22 S. D. 467, 118 N. W. 719. In Hagen v. Townsend & White, supra, it was also said that the agreement of accord must be founded upon a valuable consideration, but in view of our present statute (section 787) and the case of Adams v. Morehead, supra, in which this principle was expressly disaffirmed and language to that effect in Hagen v. Townsend & White, supra, was disapproved, that can no longer be considered the law of this state. However, though a new consideration is not necessary, it is essential to a valid accord and satisfaction that there be a new executed contract to take the place of and satisfy the old executory contract.

To determine whether there is a new contract, we must resort to well-known principles governing contracts. In the instant case the original contract involving the purchase of the shoes was plainly a divisible contract. Both parties so treated it. Respondent claimed and exercised the right to return a part of the consignment and to retain a part, settling therefor on the basis of the prices shown by the invoice. Seventy-two pairs were returned and accepted by appellant on that basis. An attempt was made to return 258 pairs more on the same basis. A check was sent to cover the exact amount due for the shoes retained, on the basis of the invoice. True the check accompanied a statement containing the words, "closes account to date," but that statement showed credit

for goods returned. No one claims the check was to pay for any part of the returned goods, or was intended to pay for anything but the goods retained. The satisfaction tendered was the check and 258 pairs of shoes. Appellant expressly by telegram refused to accept the shoes. There was no accord, unless cashing the check amounted to a withdrawal of the refusal to accept the returned goods, and to an acceptance of the entire tender. The statement with the check divided the items so there could be no doubt as to what the check purported to pay. It certainly did not purport to pay the entire account, and the words "closes account to date" add nothing to the purport of the check. There is no evidence of an agreement to receive the returned shoes and the check in settlement of the account. On the contrary, there was an express refusal to do so. Accepting a part and refusing a part of the offer is not an accord. What the situation might be if the offer was an indivisible offer not capable of an acceptance in part and refusal in part is not decided. In this case respondent divided his offer, specifying in his statement what portion of the account each offer was to settle. That is very different than offering a check in full payment of the account. If both offers had been accepted, the account would have been closed to date. To an itemized statement as here, the words "closes account to date" might properly be added in anticipation of the acceptance of both, without intending to prevent the acceptance of one without the other. If acceptance of one was conditioned upon the acceptance of the other, such condition should have been plainly stated to avoid any misunderstanding. This court cannot hold appellant to the acceptance of a condition that was not expressed.

The trial court erred in rendering judgment notwithstanding the verdict, and such judgment is reversed, with directions to render judgment on the verdict.

SHERWOOD, J., concurs.

POLLEY and BROWN, JJ., dissent.

CAMPBELL, J. (concurring specially). The contract for the purchase and sale of the shoes in this case was unquestionably a "divisible contract to sell" within the definition of section 76, c. 355, Laws 1921, and both parties treated it as such.

With reference to 258 pairs of these shoes (invoiced at $537.30) to recover payment for which this action was brought, the

only offer ever made by respondent was not an offer to pay for them, but an offer to return them, which offer was made on April 12th by shipping said 258 pairs of shoes back to the appellant and notifying appellant of such shipment. Appellant refused the offer of the return of said 258 pairs of shoes, and such refusal was communicated to respondent by telegram on or prior to April 20th. Nevertheless, on April 20th, respondent mailed to appellant its check for $552.62, being the invoice price of and amount undisputedly due as payment for certain other pairs of these shoes which respondent had retained as entirely satisfactory and had never attempted to return. The only controversy or dispute between the parties at the time this check was mailed was as to the right to return the 258 pairs of shoes attempted to be returned on April 12th. Before mailing the check in question (which was payment for the shoes retained and for nothing more) respondent was fully advised that its previous and separate offer to settle for the other 258 pairs by returning them had been rejected. I see nothing whatever in the facts or circumstances of this case to justify a holding that respondent tendered this check for $552.62 upon any condition, express or implied, not only that such check should be payment for the shoes for which, and for which alone, it purported to pay, but also that by accepting it appellant should be held in addition to have assented to an earlier offer to settle, not by payment, but by return, for 258 other pairs of shoes covered by a separate part of the divisible contract, which offer of return appellant had previously and specifically refused to accept, as respondent had been advised and well knew. With reference to those 258 pairs of shoes, there was neither accord nor satisfaction. The check for $552.62 was accepted in full payment of the only part of the divisible contract for which it was tendered and for which it purported to be payment; namely, the shoes retained by respondent. In the absence of a very definite and specific agreement otherwise, surely offer and acceptance of this payment should have no effect upon the controversy then existing between the parties with reference to an entirely separate portion of the divisible contract not purported to be covered by the check at all; namely, the 258 other pairs of shoes which respondent had previously sought to return and return of which had been refused.

The jury found from all the facts and circumstances of this

case under proper instructions that respondent was not entitled to return those shoes, that appellant was justified in refusing to accept the return thereof, and that respondent should pay the agreed invoiced price therefor. Judgment should have been entered accordingly, and I concur in the view that the present judgment entered notwithstanding the verdict should be reversed, and the cause remanded for the entry of proper judgment upon the verdict.

BROWN, J. (dissenting). The vacillating attitude with respect to the crucial question in this case, from which the court seemed to have freed itself by the decision in Qualseth v. Thompson, 44 S. D. 190, 183 N. W. 116, followed in Adams v. Morehead, 45 S. D. 216, 186 N. W. 830, appears to be reverted to by the decision in the present case.

In Hagen v. Townsend, 27 S. D. 457, 131 N. W. 512, where plaintiff claimed to have sold wheat at a price amounting to $385.38, while defendant claimed the amount to be $360.20, and sent plaintiff a check for the amount, which plaintiff indorsed and cashed, this court said: "There is no evidence to show that such check purported to be in full payment for the wheat; *but, even if it had such a clause in it, its indorsement by appellant, if construed as an agreement to accept same in full of his claim, would still be without any consideration whatsoever, and not binding upon him.*" (Underlining ours.)

The underlined sentence is dictum, and is plainly at variance with the statute existing now and at the time of that decision. If the indorsement be construed as an agreement to accept the check in full of the claim, it was certainly an agreement *in writing*, and the statute then and now in force reads: "Part performance of an obligation, * * * when expressly accepted by the creditor in writing in satisfaction, * * * though without any new consideration, extinguishes the obligation." Rev. Code, § 787.

In Siegele v. Des Moines Mut. Hail Ins. Ass'n, 28 S. D. 142, 132 N. W. 697, defendant, claiming that a loss had been adjusted at $400, sent insured a check for that amount containing the words: "This check accepted as payment in full for all claims to date." The insured, claiming the loss was adjusted at $925, indorsed the check with the words, "Accepted in part payment of loss by payee," above his signature, cashed the check, and sued for a balance of $525. This court, affirming judgment in his favor, said: "His

cashing of such check, without accepting same in full of his debt, may have been a wrongful conversion of the check; but it certainly was not an acceptance of $400 in satisfaction of the claim."

This decision is directly contrary to what is said to be "elementary law" in 1 C. J. 561, § 84. It is there said: "It is elementary law that a debtor has the right to attach to a tender such lawful condition as he pleases. And therefore where a sum of money is tendered in satisfaction of the claim, and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such conditions, an acceptance of the money offered constitutes an accord and satisfaction, in the absence of fraud, imposition or mistake. And this is so wholly irrespective of the grounds upon which defendant declines to pay, and proposes to deny his liability for, the balance. The acceptance is an assent de facto and the creditor is bound by it. Nor is it necessary that there be express words of assent to the proposition. *On the contrary the rule applies with full force and effect, although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary."* (Underlining ours.)

In support of the underlined portion of the quotation, decisions are cited from twenty different states, among which Siegele v. Des Moines Mut. Hail Ins. Ass'n, supra, stands alone to the contrary.

But, in Qualseth v. Thompson, supra, this court got into line with other courts on the question, and held that, where plaintiff claimed a balance of $473.62 for sawing lumber, against which defendant claimed an offset on account of defective sawing and waste, and sent a check for $400, on the face of which was written, "Balance for sawing lumber," plaintiff's indorsement and cashing of the check "amounted in law to an acceptance in writing of the condition, and therefore that the obligation was extinguished." This case was followed in Adams v. Morehead, supra, where defendant wrote plaintiff that his bill for $240.83 for professional services was exor-

bitant, and offered to pay $100 in settlement, and later sent plaintiff a draft for $100, with a letter stating it was "to close my account." It was held that the draft and letter "together present the same situation that arose in the Qualseth Case, and that case is followed." In Adams v. Morehead the court took occasion to disapprove the dictum we have quoted in the case of Hagen v. Townsend.

The court having thus aligned itself with the prevailing view on the question, the departure in the present case is somewhat surprising. The majority vindicates its attitude by saying that in the instant case the contract for the purchase of the shoes was divisible, and that the amount of the check was exactly sufficient to pay for a part of the claim. But the offer of settlement was not divisible. when the last shoes were returned, defendant wrote plaintiff: "Remittance for balance of account will follow in a few days." When remittance was made, it was accompanied by a statement of *all* of the shoes shipped by plaintiff under the *entire* contract, showing the price of the whole under the entire contract. This statement debits respondents with $1,251.90, the amount of the entire bill, claims credit for merchandise returned, $699.30, leaving a balance of $552.60 on the bill as a whole, and not on any separate or divisible portion thereof. The inclosed check was "to close the account" for the entire transaction between plaintiff and defendant, not to close the account for any separate or divisible part of the contract. No account for any separate or divisible part of the contract was ever rendered, stated, or referred to. Whether or not the contract was divisible has no bearing upon the question. The offer of the check was not divisible, and it was not unconditional. It was tendered on the express condition, known to plaintiff, that, if accepted, it closed the account for everything under the contract, and, when plaintiff indorsed and cashed the check, that "amounted in law to an acceptance in writing of the condition, and therefore * * * the obligation was extinguished." Qualseth v. Thompson, supra.