CLANCY, Appellant v. CALLAN, Respondent

(238 N.W.2d 295)

(File No. 11661. Opinion filed February 6, 1976)

**T. R. Pardy**, of **Mumford, Protsch, Sage & Pardy**, Howard, for plaintiff and appellant.

**J. B. Lammers**, of **Lammers, Lammers & Kleibacker**, Madison, for defendant and respondent.

DOYLE, Justice.

This case presents the question of whether the owner and renter of a truck achieved an accord and satisfaction of all that was claimed by the owner by virtue of a particular notation on a check presented by the renter to the owner and subsequently cashed by the owner.

The trial court found that there had been a complete accord and satisfaction. We reverse.

In February 1971, Callan, the defendant-renter, and Clancy, the plaintiff-owner, agreed that the renter would lease the owner's truck to haul corn between two nearby South Dakota cities, the identities of which are in dispute. According to the renter, there were to be 50,000 bushels hauled; according to the owner, 5,000 bushels. The owner claimed that he was to receive $.02 per bushel hauled. The renter claimed that the owner was to receive $.04 per bushel hauled.

Very soon after the renter took possession of the truck its engine broke down near Salem. The renter repaired the truck and paid for the repair, all without obtaining authorization from the owner.

About three weeks later the renter, after unsuccessfully attempting to contact the owner, dispatched an employee to Idaho with a load of seed in the truck. The truck's engine blew up again east of Lusk, Wyoming. The renter issued a check for a reconditioned engine but later stopped payment on it because he learned that the engine would not be warranteed unless certain repairs were made on the truck.

Soon thereafter, the renter's employee again set out for Idaho. The employee traveled some distance before the engine blew up for a third time. It is disputed whether the truck had traveled 30 to 40 miles, 250 miles or 300 miles from Lusk west towards the destination in Idaho. The truck was later returned to Lusk by the same garage which had serviced it earlier.

Sometime in April 1971, the renter notified the owner that the truck was in disrepair in Lusk. On July 5, 1971, the owner and renter met. At this time the location and condition of the truck were apparently discussed. The renter admits that he made no mention of the mileage from Lusk, Wyoming to the point of final breakdown west of Lusk at this meeting or at any time before the meeting. At some point in the conversation the owner indicated that he wanted his truck returned, but the renter stated either

that the owner would have to get it himself or that the owner should see the renter's lawyer about it.

At another point in the conversation the renter gave the owner the check in question. The owner subsequently cashed it. On the check was the printed legend:

"BY ENDORSEMENT THIS CHECK WHEN PAID IS ACCEPTED IN FULL PAYMENT OF THE FOLLOW-ING ACCOUNT."

Underneath the printing was the handwritten statement:
"4¢ bu. 1750 bu.
    corn
15¢ mile 400 miles
to Lusk Wyo $60.00
Amount of check 130.00."

The issue presented is whether acceptance of the check with the foregoing notation constituted an accord and satisfaction of the debtor's presumed obligation to return the truck in good repair, the total mileage on the truck, and any other collateral obligation.

SDCL 20-7-4, the statute expressing the relevant South Dakota rule on accord and satisfaction, states:

"Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

The statute thus requires agreement in writing to accept partial performance as a condition to accord and satisfaction.

A further consideration in determining whether there has been an accord and satisfaction is that it is an affirmative defense and the "burden of proof to establish such defense is on the party who seeks to rely on it." Lang v. Burns, 1959, 77 S.D.

626, 97 N.W.2d 863. Thus, in this case, the burden of proof is on the renter. A final general proposition is that to succeed in this affirmative defense, the debtor "must make it clear that the check which he sent is offered only on condition that it is taken in full payment." Williston on Contracts, Third Edition, Section 1856. See Potter v. Pacific Coast Lumber Co. of California, 1951, 37 Cal.2d 592, 234, P.2d 16; 1 Am.Jur.2d, Accord and Satisfaction, § 14.

■ In light of these principles, we find the issue to be whether the written agreement itself, considered with the speech and conduct of the parties, supports the trial court's determination that the renter demonstrated that his check was offered on the clearly made condition that it could be taken only in full payment of all of the owner's claims.* We find that the renter did not sustain his burden of proof.

We will first consider whether there was an accord and satisfaction for mileage from Lusk, Wyoming to the final point of breakdown west of Lusk. There is no notation as to the mileage on the check itself. Moreover, even the renter admits that the owner had not been told of this final trip west at the time the check was given. Under these circumstances the trial court's finding that there had been an accord and satisfaction as to the mileage west of Lusk is "clearly erroneous." SDCL 15-6-52(a).

We next consider whether there was an accord and satisfaction as to the other debts claimed to be owing from the renter to the owner, i.e., charges for return of the truck, removal of the lien resulting from the owner's stop payment order on the check to the garage in Lusk, repair of the truck, and for other matters. The writing on the check admittedly does not purport to cover these charges.

Furthermore, the oral and written testimony produced at the trial strongly indicates that the check was in fact intended to

---

*   The parties have not raised, and we have not considered, any question relating to the admissibility of evidence as to the intent of the parties in entering into their agreement. See Kirkeby v. Renaas, 1971, 85 S.D. 515, 186 N.W.2d 513.

apply only to the mileage as noted on the check. We will first consider what the renter himself said at the trial. On examination as an adverse witness, the renter testified as follows:

"Q  What was the gist of that conversation [at the time of the giving of the check]?

"A  He wanted some money for the use of the truck.

"Q  And at this time had you paid him anything?

"A  I hadn't up until that point. Then I paid him the four cents on hauling the corn to Salem and I paid an additional fifteen cents a mile from Howard to Lusk."

On cross-examination the renter testified:

"Q  And the check you did give Clancy in the amount of $130 was in payment of the 400 miles to Lusk, Wyoming, [and] four cents a bushel for the corn hauled between Argonne and Salem; is that correct?

"A  That's correct."

Our search of the testimony thus indicates that the renter himself stated that the payment was intended to cover the mileage noted on the check and not all the costs of the transaction.

Second, we note that the renter gave the owner a memorandum upon which he had figured the charges he owed the owner. The memorandum reflects only the local and interstate mileages. It offers no indication that the check was intended to cover anything but those mileages.

It might be argued that the renter's statement that the owner would have to get the truck himself or should see the renter's lawyer if he wished to recover it manifested an intent

that the check be taken only as full payment. However, similar contentions have been confronted and dismissed by other courts. As stated in Am. F. & M. Co. v. Lindsay Chair Co., 129 Ill.App. 548:

> "It is one thing to inform a creditor when sending a check that the debtor will not pay any more and a very different thing to advise him that the check is sent upon condition that if he accepts it, he will do so in full settlement of the account."

See also Selber Bros. v. Newstadt's Shoe Stores, 1943, 203, La. 316, 14 So.2d 10; National Screen Service Corp. v. Joy Theatres, Inc., 1970, La.App., 231 So.2d 417.

Thus, this court finds that a mere statement that the claimant will not be paid the remainder of a debt does not carry with it the clear implication that the check must be taken in total satisfaction of a debt claimed. In fact, the implication may be to the contrary.

We hold that the evidence does not support the trial court's finding that the renter proved that he had made it clear to the owner that the check was given only on the condition that it satisfy all claims of owner against the renter. We conclude, moreover, that the check did not operate as an accord and satisfaction of any debt of the renter to the owner except as specifically noted on the check. Because the finding of the trial court is "clearly erroneous" in this respect, we are compelled to reverse. SDCL 15-6-52(a).

We note that this case is to be distinguished from our earlier holdings which have considered particular wording on checks or materials accompanying checks. In Qualseth v. Thompson, 1921, 44 S.D. 190, 183 N.W. 116, for example, we held that the endorsing and cashing of a check marked " 'Balance for sawing lumber' " constituted an acceptance in writing of part performance. We also found accord and satisfaction in Adams v. Morehead, 1922, 45 S.D. 216, 186 N.W. 830, when a creditor cashed a debtor's draft which had been sent " 'to close my account.' " In Eberle v.

McKeown, 1968, 83 S.D. 345, 159 N.W.2d 391, the word "final" appeared on checks tendered on a disputed debt and we found accord and satisfaction. In each of the foregoing situations the written agreement clearly purports to set out a final settlement of all debts. In the case before us today, however, the agreement does not carry that clear meaning. Our resort to the oral testimony has, in turn, plainly negated any implication of accord and satisfaction as to all items of the debt. The cases upon which the defendant-renter has relied are therefore inapplicable to this set of facts and his argument must fail.

Reversed and remanded for proceedings not inconsistent with this opinion.

All the Justices concur.