**HUBBARD MILLING COMPANY,
Plaintiff and Appellee,**

v.

**Duane FRAME, Defendant and
Appellant.**

**No. 13207.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 11, 1981.

Decided Sept. 9, 1981.

George Beal, Rapid City, for plaintiff and appellee.

Duane Frame, pro se.

WOLLMAN, Chief Justice.

This is an appeal from the grant of summary judgment in favor of appellee. We reverse and remand.

The dispute arose as an action for recovery of alleged damages by appellee under an oral contract for the purchase of appellant's wheat. On August 25, 1978, appellant stored 1,900 bushels of winter wheat with appellee in its facility in Kadoka. A negotiable storage ticket was issued to appellant. Appellant then borrowed money from the Pennington County Agricultural Stabilization Conservation Service (A.S.C.S.) and surrendered the negotiable storage ticket to A.S.C.S. as collateral. During July 1979, appellant sold the stored wheat to appellee. Based upon its understanding that it had purchased the wheat for $3.48 per bushel, less storage fees, appellee issued appellant its check for $6,205.40 on July 12. Appellant claims that the purchase price was $3.80 per bushel. He states in his answer that this price was agreed upon during a telephone conversation that allegedly took place on July 6, 1979. He admits that he endorsed and presented for payment the July 12 check, but in his answer and counterclaim he asserts that he considered the check only partial payment for the wheat. In reply to this contention, appellee alleged accord and satisfaction of the dispute over the price of wheat. Based on these facts the trial court granted appellee's motion for summary judgment. The court awarded appellee the amount allegedly paid by it to the Pennington County A.S.C.S. office to release the crop lien on the wheat and an additional amount for storage costs incurred from the date of sale until appellee received the negotiable storage ticket. The judgment also prohibited appellant from negotiating the storage ticket and required him to deliver it to appellee. Finally, the judgment dismissed appellant's counterclaim.

Although appellant raises several issues, we conclude that whether there was an accord and satisfaction of the disputed price governs the disposition of this appeal.

SDCL 20-7-4 states the South Dakota rule on accord and satisfaction:

Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation.

It has long been settled that to constitute an accord and satisfaction, there must be an agreement between creditor and debtor to extinguish the obligation in a given manner and a compliance with that agreement by the creditor. "The agreement is the accord, and the execution of the new agreement is the satisfaction. Thus the new executed contract takes the place of and satisfies the old executory contract." *Hamburger v. Economy Department Store*, 54 S.D. 65, 67, 222 N.W. 603, 604 (1928).

In *Clancy v. Callan*, 90 S.D. 115, 238 N.W.2d 295, 297 (1976), we said:

A further consideration in determining whether there has been an accord and satisfaction is that it is an affirmative defense and the "burden of proof to establish such defense is on the party who seeks to rely on it." *Lang v. Burns*, 1959, 77 S.D. 626, 97 N.W.2d 863. Thus, in this case, the burden of proof is on the [debtor]. A final general proposition is that to succeed in this affirmative defense, the debtor "must make it clear that the check which he sent is offered only on condition that it is taken in full payment." Williston on Contracts, Third Edition, Section 1856. (other citations omitted)

■ We have examined the pleadings of both parties, the motion for summary judgment, and appellee's affidavit in support of the motion and find that there is a dispute whether accord and satisfaction was achieved. The check in question bears no notation that appellee offered it only on condition that it be accepted in full payment of the debt. Accordingly, we conclude that appellee was not entitled to summary judgment. SDCL 15–6–56(e); *Wm. Collins, Inc. v. S.D. State Bd. of Transp.*, 264 N.W.2d 491 (S.D.1978).

Moreover, the affidavit in support of appellee's motion for summary judgment contains no more than the bare allegation that appellant received and cashed appellee's check. Further, it appears that appellee's affidavit in support of summary judgment was deficient within the meaning of SDCL 15–6–56(e) inasmuch as it was signed by appellee's attorney without a showing that it was made on personal knowledge and without a showing that the affiant was competent to testify at trial to the matters stated in the affidavit.*

Although SDCL 15–6–56(e) also provides in part that the adverse party cannot "rest upon the mere allegations or denials of his pleading," that appellant relied upon the allegations of his pleadings, without more, in resistance to the motion was not fatal in view of appellee's inability to present a prima facie case for summary judgment. *Wm. Collins, Inc. v. S.D. State Bd. of Transp.*, supra.

---

\* We note that present counsel did not represent appellee in the trial court.

We hold that appellee did not establish a prima facie case entitling it to an award of summary judgment on the issue of accord and satisfaction. Consequently, then, a triable issue exists regarding the price to be paid for the wheat. Accordingly, the judgment is reversed, and the case is remanded for trial.

All the Justices concur.

