**Patricia CROMWELL, On Behalf of Herself and All Others Similarly Situated, Plaintiff,**

v.

**SPRINT CORPORATION, Defendant.**

**Civil Action No. 99–2125–GTV.**

United States District Court, D. Kansas.

Feb. 20, 2003.

Roger D. Stanton, Berkowitz, Feldmiller, Stanton Brandt, Williams & Shaw,

LLP, Prairie Village, KS, Daniel C Girard, Anthony K. Lee, Gordon M. Fauth, Jr., A.J. De Bartolomeo, Girard Gibbs & De Bartolomeo LLP, San Francisco, CA, Thomas T. Tamlyn, Jr., Richard C. Yeskoo, New York, NY, Patrick J. Stueve, Stueve Helder Siegel LLP, Kansas City, MO, for plaintiff.

Allison M. Murdock, Stephen J. Owens, Stinson Morrison Hecker LLP, Kansas City, MO, Mark D. Hinderks, Stinson Morrison Hecker LLP, Overland Park, KS, Russell A. Berland, Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

This is a putative class action brought by Plaintiff Patricia Cromwell, in which she claims that the defendant Sprint Communications Company L.P. ("Sprint") erroneously billed her and other similarly situated customers of Sprint at "casual caller" rates for long distance telephone service, when the billing should have been at rates applicable to "pre-subscribed" customers, and that such billing resulted in liability to Plaintiff and the claimed class members under the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.* ("Communications Act"). The court has under consideration Defendant's Motion for Summary Judgment (Doc. 83) and Defendant's Motion to Refer Case to the Federal Communications Commission and to Stay District Court Proceedings (Doc. 19). For the reasons set out in this order, the motion for summary judgment is denied, and the motion to refer the case to the Federal Communications Commission is granted.

### A. The Summary Judgment Motion

■ Sprint's summary judgment motion is based on the claim that Plaintiff has no standing to bring this action, because prior to initiating the suit she had received credits or refunds through her local exchange carrier in South Dakota[1], which fully offset and exceeded the amount of any casual caller charges for which she was billed. In her response, Plaintiff contends that Defendant's lack of standing defense is untimely because by agreement of the parties the scheduling order in the case entered by the magistrate judge fixed a deadline of July 16, 1999, for filing dispositive motions based on lack of standing. The instant motion for summary judgment was filed October 29, 2001. Plaintiff's contention is rejected. Standing is a jurisdictional issue that may be raised at any time. *Wilson v. Glenwood Intermountain Props., Inc.,* 98 F.3d 590, 592–93 (10th Cir.1996) (citations omitted). The parties cannot confer subject matter jurisdiction on the courts by agreement. *Id.* (citations omitted).

■ It appears to the court that the defense raised by Sprint in its motion is in the nature of an accord and satisfaction. Accord and satisfaction is an affirmative defense, Fed.R.Civ.P. 8(c), and it has been pleaded in Defendant's Answer to Plaintiff's Complaint. Whether the court applies South Dakota law, where the local exchange carrier is claimed by Defendant to have given Plaintiff the credits in question, or Kansas law, where Sprint's records and billings are maintained, the requirements for an accord and satisfaction are the same: There must be an agreement between the parties to extinguish the obligation in a given manner, and a compliance with that agreement. *See Amino Bros. Co. v. Twin Caney Watershed (Joint) Dist. No.34,* 206 Kan. 68, 476 P.2d 228, 231–32 (1970) (citation omitted); *Barnes v. Mid–Continent Cas. Co.,* 192 Kan. 401, 388 P.2d 642, 645 (1964) (citations omitted); *Sperry*

---

1. Plaintiff resides at Rapid City, South Dakota, and Defendant is a Kansas corporation. Jurisdiction is based on 28 U.S.C. § 1331 and 47 U.S.C. § 207, as well as 28 U.S.C. § 1332.

*Corp. v. Schaeffer,* 394 N.W.2d 727, 730 (S.D.1986) (citations omitted); *Hubbard Milling Co. v. Frame,* 310 N.W.2d 155, 156 (S.D.1981).

■ The summary judgment motion is supported by the affidavit of Tim C. Thomasson, employed by Sprint as a billing/revenue consultant, whose duties include conducting billing studies and audits with local exchange carriers for which Sprint has a billing and collection agreement. Mr. Thomasson states in his affidavit that he researched what he termed to be "Message Ready Billing Sent History" files of the company for 1998 "in order to identify telephone calls for which Patricia Cromwell ... was billed casual caller rates by her Local Exchange Carrier ('LEC') for calls made over the Sprint network." He attached a summary report of his research to the affidavit without any further authentication, and states that the report "reflects that Ms. Cromwell was billed casually through her LEC for 60 calls, totaling 743 minutes, adding up to $466.00." He also states in the affidavit that he searched revenue adjustment files for 1998 provided to Sprint by U.S. West, the applicable local exchange carrier, in the ordinary course of business under the billing and collection agreement between U.S. West and Sprint. He states that he did this to "ascertain post-billing adjustments (credits or refunds) provided to Patricia Cromwell through her billing telephone number," and that "[t]he credits or refunds would have first been given by U.S. West, then billed or charged back to Sprint." Mr. Thomasson attached a "summary result of that research" to his affidavit.

The affidavit does not establish an accord and satisfaction. It contains no suggestion that there was an agreement between Plaintiff and Defendant that billing credits given by U.S. West, the local exchange carrier, were to be in satisfaction of Sprint's obligation, or that such credits were accepted by Plaintiff in satisfaction of claim overbillings. The affidavit might be construed to address the affirmative defense of payment on the part of Defendant, but payment was not pleaded by Defendant as an affirmative defense.

## B. The Motion to Refer the Case to the Federal Communications Commission

■ Sprint's Motion to Refer the Case to the Federal Communications Commission ("FCC") is based on the doctrine of primary jurisdiction. Under the primary jurisdiction doctrine, claims involving the application of the expertise of a regulatory agency are properly referred to the agency for decision. *See United States v. Western Pac. R.R. Co.,* 352 U.S. 59, 63–65, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). The doctrine is invoked in cases where the court has jurisdiction of the claim, "but it is likely that the case will require resolution of issues which, under a regulatory scheme, have been placed in the hands of an administrative body." *Sunflower Elec. Coop., Inc. v. Kansas Power & Light Co.,* 603 F.2d 791, 796 (10th Cir.1979) (citing *Western Pac. R.R. Co.,* 352 U.S. at 64, 77 S.Ct. 161).

The allegations of Plaintiff's Complaint demonstrate the necessity to refer this matter to the Federal Communications Commission for resolution of issues pertinent to Sprint's tariff. Count One of the Complaint alleges violations of the Communications Act, particularly § 201 of the Act and regulations of the FCC issued pursuant to the Act. In paragraph 24 of the Complaint it is alleged that 47 C.F.R. § 61.2 is violated by the Sprint tariffs because they "are neither clear nor explicit in describing under what circumstances Sprint will charge Casual Caller Rates or Surcharges for direct-dialed calls placed on Telephone lines presubscribed to Sprint." In paragraph 25 the allegation is that 47

U.S.C. § 201(b) is violated because the tariffs are neither "clear nor explicit in describing under what circumstances Sprint will charge Casual Caller Rates or Surcharges for direct-dialed calls placed on telephone lines presubscribed to Sprint." Plaintiff alleges in paragraph 26 that "it is unjust or unreasonable for Sprint to charge Non–Subscriber or Casual Caller Rates and Surcharges for direct-dialed calls placed on telephone lines presubscribed to Sprint and governed by the Tariff," and that such charge violates 47 U.S.C. § 201(b). Finally, in paragraph 27 the allegation is that Sprint's FCC Tariff No. 1 violates 47 U.S.C. § 203(c) because to the extent that Sprint is given discretion to determine whether presubscribed customers should be deemed Casual Callers, the tariff does not set forth a rate discernible from the tariff itself. Because these claims involve questions relating to whether the tariffs are unjust or unreasonable, whether they are sufficiently clear or explicit, and whether the rates are discernible from the tariffs, the court is of the opinion that the issues require the expertise of the FCC, and that their resolution is a part of the regulatory scheme delegated to that body.

If Plaintiff wishes to pursue this matter it is directed to file an appropriate administrative action with the Federal Communications Commission. The parties are also directed to separately report the status of any such action before the FCC, or lack thereof, to this court on or before **August 15, 2003.**

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant's Motion for Summary Judgment (Doc. 83) is denied.

IT IS FURTHER ORDERED that Defendant's Motion to Refer Case to the Federal Communications Commission and to Stay District Court Proceedings (Doc. 19) is granted.

IT IS FURTHER ORDERED that this action is stayed pending a decision of the FCC concerning the issues raised in the complaint and referred to the FCC by the court, or until further order of the court.

IT IS FURTHER ORDERED, that the parties shall each submit status reports to the court regarding any action before the FCC on or before **August 15, 2003.**

The clerk is directed to transmit copies of this order to counsel of record.

**BY THE COURT IT IS SO ORDERED.**