## SIEGELE v. DES MOINES MUT. HAIL INS. ASS'N.

Loss having been sustained under a hail policy, the insurer claimed it was adjusted at $400, and the assured at $925. The company sent assured a check, which, with the balance due for premium, amounted to $400, reciting on its face, "This check accepted as payment in full for all claims to date." The assured cashed the check at his local bank, and in doing so wrote his name under an indorsement, "Accepted in part payment of loss by payee." **Held** that, since there was no consideration for the acceptance and cashing of the check, it would not amount to an accord and satisfaction; Civ. Code § 1180, providing that part performance of an obligation, when expressly accepted by the creditor in writing as satisfaction thereof without any new consideration, extinguishes the obligation, being inapplicable.

Where the court should have instructed that the defense of accord and satisfaction had not been made out, defendant was not prejudiced by the court's modification of certain instructions on such issue.

Loss having been suffered under a hail policy, two separate adjustment papers were made out; one, signed by the adjuster and left with the assured, adjusted the loss to the several fields of grain at a per cent. of total loss on each field; the other, signed by the assured and the adjuster, as to which assured claimed his signature had been secured by fraud, adjusted to total loss in a lump sum. **Held** that, in the absence of fraud on the part of the adjuster, the

two papers executed at the same time should be construed together, and when so construed, it being apparent that the naming of the lump sum was at best a mistake, the amount of the loss as itemized, field by field, in the other should control.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Campbell County; Hon. J. H. BOTTUM, Judge.

Action by William S. Siegele, as administrator of the estate of Christian Bauer, deceased, against the Des Moines Mutual Hail Insurance Association. Judgment for plaintiff, and defendant appeals. Affirmed.

*Hall, Roddle & Purdy,* for appellant. *Theodore J. P. Giedt.* and *James M. Brown,* for respondent.

WHITING, J. This action was brought to recover a balance of $525 claimed to be due upon a hail insurance policy. Verdict and judgment were for plaintiff; a new trial was denied, and defendant appealed from such judgment and from the order denying a new trial.

The main question for discussion is whether or not there was an accord and satisfaction barring the recovery of the $525. A dispute arose between the insurance company and the assured in relation to the adjustment that was made of the loss. No question arose but what the loss was adjusted by the assured, and an authorized adjuster sent by the company. The company claimed the loss was adjusted at $400, and the assured claimed that it was adjusted at $925. Under such circumstances, the company wrote the policy holder, and inclosed a check, which with a balance due the company for premium, amounted to $400. The check recited on its face: "This check accepted as payment in full for all claims to date." The policy holder cashed this check at his local bank, and, in doing so, he indorsed same: "Accepted in part payment of loss by payee. Chris Bauer." The jury evidently found that the loss was adjusted at $925. It is unnecessary to review the testimony in full; it was ample to sustain such a finding.

[1] The appellant contends that, by accepting and cashing the check conditioned as such check was, the policy holder satis-

fied the debt, whether it was $400 or $925. The respondent contends that, regardless of the condition attempted to be attached to the check, the payee had a right and the power to qualify his acceptance of the check, and receive same in part payment; and respondent further contends that, even if the check had been cashed without any attempt to qualify its acceptance, the acceptance and cashing of such check would not have amounted to an accord and satisfaction, as there was absolutely no consideration therefor. The respondent is clearly correct in this last contention, under the law as recently announced by this court, in the case of Hagen v. Townsend & White, 27 S. D. 457, 131 N. W. 512, wherein the facts were analogous to those in this case, unless section 1880 of the Revised Civil Code, applies. Such section provides: "Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation." This check was not "accepted in writing" in satisfaction of the disputed claim; as a matter of fact, the assured by his act refused to so accept same. His cashing of such check, without accepting same in full of his debt, may have been a wrongful conversion of the check; but it certainly was not an acceptance of $400 in satisfaction of the claim.

[2] Appellant claims error, in that the court modified certain instructions asked by appellant, which instructions related to the claimed defense of accord and satisfaction. From what we have said above, it is clear that appellant was not entitled to any instruction upon such defense, as the court should have instructed the jury that such defense had not been established. Appellant could not have been prejudiced by the modifications complained of.

[3] Appellant also complains of emphasis which it claims the court, in its instructions, put upon the question of fraud, which fraud the assured had alleged was practiced by the adjuster in procuring his signature to an adjustment contract purporting to

adjust the loss at the sum of $400. Without agreeing with appellant in its claim of undue emphasis of the question of fraud, we are of the opinion that, even if there was emphasis in this matter, appellant was not prejudiced thereby. Two separate adjustment papers appeared to have been made out; one, signed by the adjuster and left with assured, adjusted the loss to the several fields of grain at a per cent. of total loss on each field; the other, signed by assured and adjuster (assured claiming his signature to have been obtained by fraud), adjusted the total loss in a lump sum. If there were no fraud on the part of the adjuster, we think the two papers, executed as they were at the same time, should have been construed together, and when so construed it was very apparent that the naming of the lump sum, $400, in the one paper was, at best, a mistake, and the amount of loss as itemized, field by field in the other paper, should control.

The judgment was clearly correct, and it and the order denying a new trial are affirmed.