# LEO A. BALL v. CHARLES H. THORNTON.[1]

February 15, 1935.

No. 30,129.

*Fryberger, Fulton & Boyle* and *Leo A. Ball,* for appellant.
*Mitchell, Gillette, Nye & Harries,* for respondent.

LORING, JUSTICE.

In a suit to recover the reasonable value of attorney's fees rendered over a period of about 14 years the trial court found that there had been an accord and satisfaction by the acceptance by the plaintiff of a check for $2,000, and the case comes here upon the plaintiff's appeal from an order denying his motion for a new trial.

It appears from the record that the plaintiff had been consulted many times by the defendant with regard to an expected inheritance of an interest in very valuable mining property owned by the defendant's aunt and uncle. It would be useless to go into detail about the character of the services alleged to have been rendered by the plaintiff to the defendant. They were considered by the plaintiff to be legal services, but their extent and value are not of

[1]Reported in 258 N. W. 831.

controlling importance on the question presented here. After the defendant had received an inheritance which was valued at considerably over $1,000,000, he was evidently residing at Fond du Lac, Wisconsin, where the plaintiff went to see him in regard to payment for his services. There had been a long delay in that payment. The parties hereto were old friends, and they spent the day together at Fond du Lac. At the conclusion of the day when plaintiff was about to take the train for his home in Duluth he was given a check for $2,000, across the face of which the following statement was printed:

"This check is on [sic] payment of items as per statement following. Endorsement of payee will constitute a receipt in full."

Below this statement the maker of the check had written the words "Legal Services." The plaintiff claims that he took this check and put it in his pocket without looking at it. The defendant claims that plaintiff looked at it and protested against the amount but that the defendant laughed at him for thinking that he could ever get any more. The next morning at Duluth plaintiff struck out the words "in full" and deposited the check in his Duluth bank, and it was duly credited.

The claim of the plaintiff against the defendant was wholly unliquidated. There had never been any agreement between them fixing the amount he was entitled to for his services. Under such circumstances the acceptance and cashing of the check by the plaintiff amounted to an accord and satisfaction regardless of what had gone before. Since the claim remained unliquidated, the check in its stated form amounted to an offer to settle the account for the sum of $2,000. The plaintiff could not change that by striking out the words "in full," and his cashing of the check amounted to an acceptance of that offer and the transaction became an accord and satisfaction. Beck Elec. Constr. Co. v. National Contracting Co. 143 Minn. 190, 173 Minn. 413. It is true that there were some letters from the defendant to the plaintiff subsequent to this transaction which might indicate that the defendant would discuss the matter further with the plaintiff, but nothing which we could re-

gard as setting aside or waiving the terms of the accord and satisfaction already arrived at. The defendant never consented to the change made by the plaintiff in the form of the check. Plaintiff was an experienced lawyer and knew the effect of accepting a check in the form in which it was given to him.

The findings of the trial court are all against the plaintiff on the facts; his motion for amended findings, which went into great detail, was denied by the court, which amounts to a finding to the contrary wherever there is sustaining evidence.

The order appealed from is affirmed.