## SHORT v. J. R. WATKINS CO.
### Civ. A. No. 492.

United States District Court
D. Minnesota, First Division.
June 28, 1954.

Cummins, Cummins, Hammond & Ames, by Linus J. Hammond, St. Paul, Minn., for defendant, in support of the motion.

Nieman, Bosard & Arthur, by Charles E. Nieman, Minneapolis, Minn., for plaintiff, in opposition to the motion.

DONOVAN, District Judge.

Plaintiff brings this action to recover damages pursuant to an alleged contract of employment of plaintiff by defendant for a period of nine months from April 15, 1953, which "agreement" defendant repudiated "on August 14, 1953."

Defendant admits employing plaintiff "for an indefinite period but for a minimum period of four months" and that it agreed to pay plaintiff for such services the sum of $1,500 per month plus certain expenses. Defendant pleads that on May 11, 1953, plaintiff executed an accord and satisfaction settling all disputes arising out of said contract. The accord and satisfaction, voucher and check are made a part of defendant's answer.[1]

---

1. Paragraph IX of defendant's answer reads in part as follows:
"* * * That on or about the 11th day of May, 1953 plaintiff and defendant resolved and settled all disputes between them arising out of said contract or otherwise and agreed that in consideration of the defendant paying to the plaintiff the sum of Seven Thousand Five Hundred and no/100 Dollars ($7,500.00), the employment relationship was to be finally terminated and said Seven Thousand Five Hundred and no/100 Dollars ($7,500.00) was to be paid in full and final payment and satisfaction of all claims for fees, services or expenses of any kind."

Paragraph XI of defendant's answer reads as follows:
"That pursuant to said final agreement and settlement and the terms thereof, defendant did on May 11, 1953 pay to plaintiff the sum of Seven Thousand Five Hundred and no/100 Dollars ($7,500.00), a true and correct copy of the check issued in payment thereof is attached hereto marked Exhibit 'A' and made a part hereof. [See footnote 3.] A true and correct copy of the voucher accompanying said check in payment to plaintiff is marked 'Exhibit B' and attached hereto. [See footnote 2.] A true and correct copy of the agreement of settlement entered into between the parties is attached hereto and marked Exhibit 'C' ".

Defendant has moved for summary judgment contending:

1. The hiring was for an indefinite period.

2. The contract was terminated for cause.

3. The dispute between the parties has been fully settled and disposed of by accord and satisfaction and confirmed by voucher [2] and check.[3]

Any doubts as to the factual situation disclosed by the file must be resolved against the movant in this matter.

Recourse to the pleadings and deposition makes obvious that a serious dispute had arisen between the parties to the agreement and they were definitely disagreed on the most important features of the contract herein relied upon. Ter-

**2.** The voucher reads:

"The J. R. Watkins Company
Winona, Minnesota

Quintuplicate
Attach all
invoices and
supporting data
to this side and
file numerically

Check
No. W-94335

Voucher
No. 5-157

May 11, 1953

7,500.00

To Don Short
Address Minneapolis, Minn.

We hand you herewith our check in settlement of your account as shown by items listed below

| Particulars | Amount | Deductions | |
| | | Particulars | Amount |
| --- | --- | --- | --- |
| Payment in Full and Complete Settlement for Any and All Fees and Expenses | 7500.00 | Total Deductions | |
| | | Vouchers Payable | 7500.00 |
| | | Cash Discount Deducted | |
| | | Net Payment | 7500.00 |

If the Foregoing Is Incorrect, Please Return This Remittance. No Receipt Is Necessary.

SB

Total of Charges     7500.00

The J. R. Watkins Company"

**3.** The check reads:

"The J. R. Watkins Company
of Delaware

Check No. 94335
Voucher No. 5-157

May 11, 1953

To The Winona National and Savings Bank
Winona, Minnesota

75-21
912

Pay     Watkins $7500 and 00 cts.   Dollars $7,500.00
5-11-53
75-21

To The
Order of Don Short
Address Minneapolis, Minn.

The J. R. Watkins Company
s/E. L. King, Jr.

Endorsement
Pay to the order of Northwestern National Bank of Minneapolis, Minnesota
Don Short (Public Relations Counsel)
Pay to the order of any bank, banker or trust Co.   All prior endorsements guaranteed.   May 13, 1953 Federal Reserve Bank of Minneapolis, Minneapolis, Minnesota.   17-8"

mination was discussed. Plaintiff was claiming the contract was for a minimum of nine months. Defendant was contending the hiring was for an indefinite period of not less than four months. This was all prior to May 11, 1953.

On the last-named date plaintiff and defendant approved the settlement quoted in footnote 1, supra, which expressly stated said dispute between the parties covering "any current or *anticipated* charges" was settled for the sum of $7,500, and the voucher accompanying the check for said sum contained the following significant phraseology:

> "Payment in full and complete settlement for any and all fees and expenses. If the foregoing is incorrect please return this remittance."

No further services were performed by plaintiff other than those previously performed and paid for.

Discharge of plaintiff for cause aside, I am of the opinion that a valid accord and satisfaction was entered into between the parties to this proceeding and there is nothing in the file tending to modify, waive or set aside the formally executed agreement of accord and satisfaction.

The final disposition of the claims and demands of the plaintiff by the formal accord and satisfaction was emphasized by the words quoted from the voucher which accompanied the check given by defendant to plaintiff in consideration thereof. This in and of itself constituted an accord and satisfaction.[4] The words "current" or "anticipated" in relation to charges, must be accepted to mean "present" or "future" respectively. Plaintiff was an experienced public relations counsel and must be held to know the effect of his executing the agreement of accord and his endorsing the check.

The effect of the latter agreement "is to rescind and supersede the earlier con-

tract, and to constitute itself the only agreement of the parties on the subject."[5]

Under the circumstances disclosed by the file of the instant case and despite cogent and persuasive argument by plaintiff's counsel, I can find no controlling genuine issue of material fact for trial purposes and therefore conclude that the motion for summary judgment must be and the same is hereby granted.[6] It is so ordered.

The conclusion reached makes determination of the remaining questions presented on this motion unnecessary.

Plaintiff is allowed an exception.

---

4. Beck Electric Const. Co. v. National Contracting Co., 143 Minn. 190, 173 N.W. 413; Ball v. Thornton, 193 Minn. 469, 258 N.W. 831.

5. Housekeeper Pub. Co. v. Swift, 8 Cir., 97 F. 290.

6. Durasteel Co. v. Great Lakes Steel Corp., 8 Cir., 205 F.2d 438.