140 N.J. Super. 346 (1976)
356 A.2d 87
A.G. KING TREE SURGEONS, PLAINTIFF,
v.
GEORGE DEEB, DEFENDANT.
Superior Court of New Jersey, District Court  Bergen County.
March 19, 1976.
*347 Mr. Peter Peletz, Jr., for plaintiff.
Mr. Edward Insley for the defendant.
DALTON, J.S.C., Temporarily Assigned.
This is a contract action brought by A.G. King Tree Surgeons for the contract price of $480, plus tax and interest, for tree pruning work performed at the home of defendant George Deeb on or about May 30, 1975.
Plaintiff alleges the work was performed pursuant to an oral contract made by telephone, after an estimate of $480 had been transmitted orally, also by phone, to defendant. The work agreed on and actually performed was, according to plaintiff, the pruning of 15 trees on defendant's property.
Defendant states by way of affirmative defenses that there was no contract between the parties, and that an accord and satisfaction was reached before the filing of this lawsuit.
Although there is a dispute with respect to certain facts concerning the existence of a binding contract between the parties, there is no dispute with respect to those facts necessary to decide the issue of whether, prior to this litigation, an accord and satisfaction had been reached by the parties. The case will be decided as a matter of law on the latter issue based on those undisputed facts.
*348 First, it is undisputed that defendant, upon receipt of the invoice for $504 (representing the $480 contract price plus $24 tax), protested to plaintiff by telephone that he had never entered into a contract for this amount and had only authorized an estimate from plaintiff, nor did he ever sign a contract or an acknowledgement of work performed. This is not, therefore, a case of a liquidated sum which is due and owing but rather a genuine dispute between the parties as to what liability, if any, defendant owes to plaintiff for the work performed.
Second, it is undisputed that shortly after this controversy arose defendant's attorney forwarded to plaintiff defendant's check in the amount of $100 with a notation typed on the reverse side (above the space for the indorser's signature) to the effect that this $100 was in full and final settlement of all claims of A.G. King against defendant for work performed in May 1975. Along with the check defendant's attorney sent a letter of transmittal which stated in no uncertain terms that although defendant denied that authorization was ever given to plaintiff to perform work for defendant, nevertheless the $100 check was submitted in good faith in an attempt to amicably settle the claim, and that if plaintiff wished to settle for this amount, he should deposit the check. Plaintiff corporation, through its president A.G. King, did deposit the check but only after he obliterated the notation placed on it by the drawer and substituted in its place a notation that the check was only in partial payment of the amount due. Based on this set of facts defendant argues that an accord and satisfaction was reached between the parties at the time the check was deposited, notwithstanding the fact that the president of plaintiff corporation altered the notation on the reverse side of the check. This court agrees.
The traditional elements of an accord and satisfaction are the following: (1) a dispute as to the amount of money owed; (2) a clear manifestation of intent by the debtor to the creditor that payment is in satisfaction of the *349 disputed amount; (3) acceptance of satisfaction by the creditor. U.S. for Use of Glickfeld v. Krendel, 136 F. Supp. 276, 282 (D.C.N.J. 1955).
The president of plaintiff corporation alleges, of course, that there could be no acceptance of any offer of settlement since he deliberately altered the check before depositing it, making it clear that he considered the $100 only a partial payment and not a full settlement of the matter. However, it is clear that plaintiff had no right to alter the check. If the check was unacceptable as a final settlement, plaintiff's remedy was to return the check to defendant and sue for the full amount claimed due. Plaintiff chose rather to alter the check, accept the $100 "in partial payment" and sue for the difference.
In this case, however, the check did not stand alone, it was accompanied by a letter from defendant's attorney which made it clear that (1) there was a genuine dispute between the parties as to what amount of money, if any, was due plaintiff; (2) defendant intended that the $100 check was to be in full satisfaction of the dispute between the parties, and (3) if, and only if, plaintiff agreed to settle the dispute for this amount, the check was to be deposited.
It is the opinion of this court that the check and letter can, and indeed must, be read together as constituting an offer to settle this dispute for $100, and that the depositing of the check constituted the acceptance of this offer. Once the check was deposited by plaintiff, no matter what alterations the corporation's president personally made on its reverse side, an accord and satisfaction was reached. That a check can be read together with a writing which accompanies it is shown by N.J.S.A. 12A:3-119(1), which states in pertinent part:
As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction, * * *. *350 This section is interpreted by Comment One of the Uniform Commercial Code Comments in pertinent part as follows:
* * * This section is limited to the effect of a separate written agreement executed as a part of the same transaction. The separate writing is most commonly an agreement creating or providing for a security interest such as a mortgage, chattel mortgage, conditional sale or pledge. It may, however, be any type of contract, including an agreement that upon certain conditions the instrument shall be discharged or is not to be paid, * * *.
In General Investment Corp. v. Angelini, 58 N.J. 396 (1971), our Supreme Court stated with respect to N.J.S.A. 12A:3-119:
Our courts have not yet construed or applied that section. Nor have any pertinent cases in other jurisdictions dealing with it come to our attention. [at 405]
Specifically, no case has been found by this court in which this statutory section has been cited as authority for the proposition that a check bearing the conditional language of a release, accompanied by a letter of transmittal which sets forth the basis of the dispute between the parties, along with the appropriate cautionary language that deposit of the check constitutes acceptance of the settlement offer, is conclusive evidence of an accord and satisfaction between the parties (once the check is deposited) regardless of any alteration or disclaimer added to the check.
In this court's opinion, N.J.S.A. 12A:3-119(1) allows the letter of transmittal to be read along with the check, and both constitute the settlement offer. The letter of transmittal, moreover, recites the basis of the genuine dispute between the parties and the intent of defendant to have the enclosed payment totally satisfy the dispute, and this satisfies the first two requirements of an accord and satisfaction. The third requirement of an accord and satisfaction is the acceptance of the offer and, in this case, the deposit *351 of the check by plaintiff operated ipso facto as such an acceptance.
As authority for the latter point, the case of U.S. for Use of Glickfeld v. Krendel, supra, is dispositive. In Glickfeld a subcontractor had performed certain work for the contractor pursuant to change orders and certain extra work not part of the original contract. There was a dispute as to the value of the work performed pursuant to the change orders. Unable to resolve the dispute by agreement, the contractor sent a check to the subcontractor along with a cover letter breaking down the amounts which he was allowing for the work done pursuant to the change orders. The subcontractor immediately telephoned his protest to the contractor and then cashed the check. In this situation the court found that there was indeed an accord and satisfaction. After disposing of the first two elements, the court stated that as for the third element, namely, the question as to whether the subcontractor could be said to have accepted when, in fact, he protested, the court considered the cashing of the check to be the acceptance. No matter how much he protested, the court felt that the act of cashing the check constituted the acceptance.
There is dictum in the case of McDermott v. Botwick, 38 N.J. Super. 528 (App. Div. 1956), which supports the same conclusion. After deciding that on the facts of the case then before it there was no accord and satisfaction, the court stated:
It may be noted in passing that the check does not contain a reference to the specific claims being paid thereby nor, immediately above the place of endorsement, language constituting a release. Such inscriptions, of course, carry greater probative force. [at 534]
In the present case, the check does contain reference to the specific claim, and the maker did place on the check, immediately above the place for endorsement, language constituting a release.
*352 For all of the aforementioned reasons, judgment is herewith entered in favor of defendant. No cause of action on plaintiff's claim.