Charles L. Dorothy, Pierre, for plaintiff and appellant.

Ken C. Graves, Rapid City, for defendants and respondents.

WINANS, Justice.

This is an appeal from a judgment against plaintiff based on the affirmative defense of accord and satisfaction. Plaintiff argues that SDCL 57–1–23 requires a contrary result in this instance. We agree.

During 1971 Wesley Scholl, d/b/a Scholl Construction Company, did work for defendants, Clinton and Virginia Tallman, at their request. As of February 18, 1971 plaintiff's books indicated that the Tallmans owed $2,927.37. The Tallmans made payments during the course of 1971–72,[1] but as of November 4, 1974, they allegedly still owed $2,077.37. Defendants believed this figure to be too high; they felt that several hundred dollars in cash payments had not been credited to their account.

Wesley **SCHOLL d/b/a Scholl Construction, Plaintiff and Appellant,**

v.

**Clinton R. TALLMAN and Virginia M. Tallman, Defendants and Respondents.**

No. 11863.

Supreme Court of South Dakota.

Dec. 10, 1976.

---

1. Payments reflected in Scholl's books were: $100; Tractor—$400; 12/28/72—$100.

9/23/71—$100; 12/15/71—$150; 1/20/72—

Consequently, they sent a check for $500 to plaintiff with the words "Wesley Scholl Settlement in Full for all Labor and Materials to Date" typed on the back of the check. No further payments were made after November 4, 1974.

A short time later Scholl cashed the check, but not until he had scratched out the typing on the back and wrote "Restriction of payment in full refused. $1,826.65 remains due and payable." He then commenced this action by amended summons and complaint. Defendants answered, setting out the affirmative defense of accord and satisfaction.

The matter was brought to trial on May 5, 1975. At that time defendants produced two cancelled checks totaling $850 which were not reflected on Scholl's books. Scholl moved for a continuance to set his records straight and determine exactly what was owed. The motion was granted, but the Tallmans were permitted to testify at this time. Their testimony was that they had paid several hundred dollars in cash which was not credited to them in plaintiff's books, but they produced no receipts to support that testimony.[2]

The trial reconvened on September 3, 1975 at which time plaintiff submitted an affidavit showing the costs of labor and materials, less payments. The amount allegedly outstanding, including interest, was $907.29. After consideration of the evidence and with benefit of briefs, the trial court found for defendants based on accord and satisfaction. Plaintiff appeals.

The only question before this court is whether there has been an accord and satisfaction of the disputed claim. Accord and satisfaction is a matter of statute in this state.[3] The applicable statutes make clear that it is basically a matter of contract between the parties. *Lang v. Burns*, 1959, 77 S.D. 626, 97 N.W.2d 863. To be valid an accord and satisfaction must satisfy all elements of a binding contract. Offer and consideration are not disputed here; the controversy involves acceptance.

SDCL 20–7–4 addresses that issue:

"Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

The question is whether endorsement of the check with knowledge of a dispute as to the amount due, and with knowledge of the condition on the face of the check constitutes acceptance in writing under the statute. In *Qualseth v. Thompson*, 1921, 44 S.D. 190, 183 N.W. 116, we held that an unqualified endorsement of the check under those circumstances amounted to acceptance in writing as a matter of law.[4] However, in an earlier case, *Siegele v. Des Moines Mut. Hail Ins. Ass'n*, 1911, 28 S.D. 142, 132 N.W. 697, in circumstances similar to the facts of this litigation, we reached a contrary result.

In the *Siegele* opinion we considered the effect of a conditional endorsement under section 1180 of the Revised Civil Code (presently codified at SDCL 20–7–4) and held that writing " 'Accepted in part payment of loss by payee . . .' " on the back of a check purporting to be "payment in full", avoided an accord and satisfaction.

"This check was not 'accepted in writing' in satisfaction of the disputed claim; as a matter of fact, the assured by his act refused to so accept same. His cashing of such check, without accepting same in full of his debt, may have been a wrongful conversion of the check; but it certainly was not an acceptance of $400 in satisfaction of the claim."

---

2. The record shows Scholl testified that he had received cash payments, but was unsure as to the exact date or amount.

3. See SDCL 20–7–1 to 3.

4. *Eberle v. McKeown*, 1968, 83 S.D. 345, 159 N.W.2d 391 and *Kirkeby v. Renaas*, 1971, 85 S.D. 515, 186 N.W.2d 513, are not controlling because both dealt with unconditional endorsement.

The *Siegele* decision, although never reversed, is not in accord with the common law majority rule in this country. See, e. g., *Graffam v. Geronda*, 1973, Me., 304 A.2d 76; *Growers Cattle Credit Corp. of Omaha v. Swanson*, 1969, 184 Neb. 612, 169 N.W.2d 692; *Risk v. Wells Market Service, Inc.*, 1961, 362 Mich. 414, 107 N.W.2d 776; *Ball v. Thornton*, 1935, 193 Minn. 469, 258 N.W. 831; 6 Corbin on Contracts § 1279, at 126 (1962). These authorities hold that words of protest do not prevent accord and satisfaction. The rationale of the *Siegele* opinion, however, is embodied in SDCL 57–1–23, this state's version of section 1–207, Uniform Commercial Code.

SDCL 57–1–23 provides:

"A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as 'without prejudice,' 'under protest' or the like are sufficient."

The effect of this section on the doctrine of accord and satisfaction as it developed at common law has never been addressed by a court of last resort. We therefore look to other sources for guidance in this case of first impression.

Only two cases have been found concerning this subject and both dealt with the effect of § 1–207 by way of dicta. In *Baillie Lumber Co. v. Kincaid Carolina Corp.*, 1969, 4 N.C.App. 342, 167 S.E.2d 85, the court said that its version of § 1–207 would avoid an accord and satisfaction where the conditional check was endorsed "With reservation of all our rights." Similarly in *Hanna v. Perkins*, 1965, Co.Ct.N.Y., 2 U.C.C.Rep. 1044, the court stated:

"If it were not that this court finds that triable issues of fact are present, this court would deny the motion by holding this particular section [1–207] of the code would seem to favor plaintiff's overriding indorsement of 'deposited under protest'

as a reservation of his right to collect payment of balance."

Professors White and Summers also indicate their belief that this is the proper interpretation of § 1–207:

"In summary the tender of a check in full satisfaction of a disputed amount will still constitute an offer of an accord and satisfaction. If the payee indorses without 'protest' or similar reservation, he will be bound by the accord and satisfaction, (at least if there was a *bona fide* dispute and the drawer is offering some concession). We believe that the enactment of 1–207 has substantially changed the outcome when the payee adds words of 'protest' to his indorsement. Certainly the post-Code case law indicates that 1–207 authorizes the payee who signs under protest to accept the amount of the check without entering an accord and satisfaction or otherwise forsaking his claim to any additional sum allegedly due him." J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code, § 13–21, at 452–54 (1972).

Likewise, the Commission on Uniform State Laws supports the position that § 1–207 was meant to apply to the conditional check.

"The Code rule would permit, in Code-covered transactions, the acceptance of a part . . . payment tendered in full settlement without requiring the acceptor to gamble with his legal right to demand the balance of the . . . payment." 1961 Report of the Commission on Uniform State Laws, 19–20.

Although countervailing arguments can be made,[5] we find the authorities cited above persuasive. We hold that plaintiff's conditional endorsement in this instance constitutes an explicit reservation of rights under SDCL 57–1–23 and is not acceptance in writing as required by SDCL 20–7–4. We do not agree with defendants' contention that this result dictates the demise of accord and satisfaction as an effective method of commercial compromise. This

---

**5.** See Hawkland, The Effect of UCC § 1–207 on the Doctrine of Accord and Satisfaction by

Conditional Check, 74 Com.L.J. 329 (1969) for a fairly objective analysis of pros and cons.

doctrine has long been an effective method of avoiding litigation; it will still serve that function whenever rights are not explicitly reserved. It remains available as a device to facilitate the private resolution of honest disputes through compromises made in good faith.

We find erroneous the trial court's decision that there was an accord and satisfaction. The case is reversed and remanded for determination of what payment, if any, is due plaintiff.

All the Justices concur.