378 So.2d 1122 (1979)
Bill C. BIVINS
v.
WHITE DAIRY.
Civ. 1890.
Court of Civil Appeals of Alabama.
October 31, 1979.
Rehearing Denied November 28, 1979.
*1123 James S. Lloyd, Lloyd, Ennis & Lloyd, Birmingham, for appellant.
Allen Poppleton, Birmingham, for appellee.
HOLMES, Judge.
The plaintiff sued the defendant for money allegedly owed by the defendant to plaintiff. The trial court entered judgment for defendant and the plaintiff appeals. We affirm.
The stipulated facts reveal the following: A dispute existed between plaintiff and defendant regarding the exact amount of money owed plaintiff by defendant. The defendant issued to plaintiff a check in the amount of $2,240. On the back of the check the defendant entered the following:
This is the last check to be made payable to the named person for wages, vacation and off days by White Dairy Company.. . .
Thereafter, the plaintiff struck out the above. Plaintiff endorsed the check and deposited it for collection in his checking account. Over his signature, plaintiff wrote the words, "without recourse."
The trial court found for the defendant on the basis of accord and satisfaction. The plaintiff argues that the acts of striking out the drawer's statement on the reverse side of the check and endorsing the check with the words "without recourse" have preserved his rights against the drawer for the balance in dispute.
Put another way, the plaintiff, through able counsel, contends that his acceptance of the check tendered in full payment for money owed, which he conditionally endorsed, did not effect an accord and satisfaction.
Plaintiff relies on § 7-1-207, Code of Ala.1975, which states:
A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.
Plaintiff cites Scholl v. Tallman, 247 N.W.2d 490 (S.D.1976), and other decisions from other jurisdictions which have interpreted provisions identical to § 7-1-207. In Scholl, supra, the payee scratched out drawer's words, indicating full payment and added "restriction of payment in full refused. $1,826.65 remains due and payable." 247 N.W.2d at 490-491. The payee's actions were held to constitute an explicit reservation of rights under the applicable statute and thus there was no accord and satisfaction.
The term "explicit," as used in § 7-1-207, means that which is so clearly stated or distinctively set forth that there is no doubt as to its meaning. See, Black's Law Dictionary 689 (4th ed. rev. 1968).
*1124 In the instant case, the plaintiff scratched out the drawer's words and then merely endorsed the check with the words "without recourse." This does not indicate an explicit reservation of rights as required by § 7-1-207.
In fact, the words "without recourse" are held to express a declaration of the absence of responsibility. See, Bankhead v. Owen, 60 Ala. 457 (1877). In the instant case, use of the words "without recourse" did not explicitly reserve rights under § 7-1-207 to the plaintiff.
We find that in this instance the trial court did not err to reversal in finding that there had been an accord and satisfaction.
As a general rule, when a check is tendered upon the condition that the creditor accept it in full payment of a disputed claim, there are two options available to the creditor. He may reject, the tender or accept the tender with the condition attached. Endorsing and depositing the check is tantamount to accepting the tender with the condition attached. Such acts fulfill the requirements for an accord and satisfaction. See, Public National Life Insurance Co. v. Highsmith, 47 Ala.App. 488, 256 So.2d 912 (1971).
The plaintiff endorsed and deposited the check in the instant case. Striking out the drawer's statement of full payment and adding the words "without recourse" did not prevent an accord and satisfaction.
The above should not be understood as holding that § 7-1-207 is necessarily precluded in all instances from application in cases of this nature; only that in this instance the plaintiff's actions in striking out the statement of full payment and endorsing the check with the words "without recourse" did not express the explicit reservation of rights necessary to bring § 7-1-207 into play.
In view of the above, the trial court did not err in finding the plaintiff was precluded from further recovery from the defendant as there had been an accord and satisfaction.
The case is due to be affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P. J., concurs specially.
WRIGHT, Presiding Judge (concurring specially):
I concur in the result of the court's decision in this case, i. e., the affirmance of the judgment of the trial court that the acceptance and depositing by plaintiff of the "full payment check" sent to it by defendant was in law the accomplishment of an accord and satisfaction of the debt owed plaintiff by defendant. However, I do not concur that § 7-1-207, Code of Ala.1975, may be applied to alter the common-law principle of accord and satisfaction affecting "full payment checks." This court adhered to the common law in the case of Public National Life Insurance Co. v. Highsmith, 47 Ala.App. 488, 256 So.2d 912 (1971). That case was decided after the effective date of the Uniform Commercial Code in this state (December 31, 1966). The absence of mention of § 7-1-207 in that decision does not make the decision any less an expression of the law at this time. Our supreme court, citing the statement of the common-law rule of accord and satisfaction in a long line of cases, held in the case of Boohaker v. Trott, 274 Ala. 12, 145 So.2d 179 (1962), that the acceptance by the creditor of a check offered by the debtor in full payment of a disputed debt is an accord and satisfaction of the debt and no words of protest can affect the legal quality of the act. That was the law when § 1-207 of the Uniform Commercial Code was enacted in this state. The intent of the legislature to change the common law in such cases does not appear from the provisions of the statute. Neither does it appear from the commentary accompanying the statute that the Uniform Commercial Code Committee intended such an effect. I commend for consideration the article by Albert J. Rosenthal titled Discord and Dissatisfaction, § 1-207, of the Uniform Commercial Code and published in 78 Colum.L.Rev. 48 (1978).