The plaintiff sued the defendant for money allegedly owed by the defendant to plaintiff. The trial court entered judgment for defendant and the plaintiff appeals. We affirm.
The stipulated facts reveal the following: A dispute existed between plaintiff and defendant regarding the exact amount of money owed plaintiff by defendant. The defendant issued to plaintiff a check in the amount of $2,240. On the back of the check the defendant entered the following:
 This is the last check to be made payable to the named person for wages, vacation and off days by White Dairy Company. . . .
Thereafter, the plaintiff struck out the above. Plaintiff endorsed the check and deposited it for collection in his checking account. Over his signature, plaintiff wrote the words, "without recourse."
The trial court found for the defendant on the basis of accord and satisfaction. The plaintiff argues that the acts of striking out the drawer's statement on the reverse side of the check and endorsing the check with the words "without recourse" have preserved his rights against the drawer for the balance in dispute.
Put another way, the plaintiff, through able counsel, contends that his acceptance of the check tendered in full payment for money owed, which he conditionally endorsed, did not effect an accord and satisfaction.
Plaintiff relies on § 7-1-207, Code of Ala. 1975, which states:
 A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest" or the like are sufficient.
Plaintiff cites Scholl v. Tallman, 247 N.W.2d 490 (S.D. 1976), and other decisions from other jurisdictions which have interpreted provisions identical to § 7-1-207. In Scholl,supra, the payee scratched out drawer's words, indicating full payment and added "restriction of payment in full refused. $1,826.65 remains due and payable." 247 N.W.2d at 490-491. The payee's actions were held to constitute an explicit reservation of rights under the applicable statute and thus there was no accord and satisfaction.
The term "explicit," as used in § 7-1-207, means that which is so clearly stated or distinctively set forth that there is no doubt as to its meaning. See, Black's Law Dictionary 689 (4th ed. rev. 1968). *Page 1124 
In the instant case, the plaintiff scratched out the drawer's words and then merely endorsed the check with the words "without recourse." This does not indicate an explicit reservation of rights as required by § 7-1-207.
In fact, the words "without recourse" are held to express a declaration of the absence of responsibility. See, Bankhead v.Owen, 60 Ala. 457 (1877). In the instant case, use of the words "without recourse" did not explicitly reserve rights under § 7-1-207 to the plaintiff.
We find that in this instance the trial court did not err to reversal in finding that there had been an accord and satisfaction.
As a general rule, when a check is tendered upon the condition that the creditor accept it in full payment of a disputed claim, there are two options available to the creditor. He may reject the tender or accept the tender with the condition attached. Endorsing and depositing the check is tantamount to accepting the tender with the condition attached. Such acts fulfill the requirements for an accord and satisfaction. See, Public National Life Insurance Co. v.Highsmith, 47 Ala. App. 488, 256 So.2d 912 (1971).
The plaintiff endorsed and deposited the check in the instant case. Striking out the drawer's statement of full payment and adding the words "without recourse" did not prevent an accord and satisfaction.
The above should not be understood as holding that § 7-1-207 is necessarily precluded in all instances from application in cases of this nature; only that in this instance the plaintiff's actions in striking out the statement of full payment and endorsing the check with the words "without recourse" did not express the explicit reservation of rights necessary to bring § 7-1-207 into play.
In view of the above, the trial court did not err in finding the plaintiff was precluded from further recovery from the defendant as there had been an accord and satisfaction.
The case is due to be affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs specially.