175 N.J. Super. 345 (1980)
418 A.2d 1326
CHANCELLOR, INC., PLAINTIFF,
v.
HAMILTON APPLIANCE COMPANY, INC., DEFENDANT.
Superior Court of New Jersey, District Court Passaic County, Small Claims Division.
June 26, 1980.
Robert W. McAndrew, for plaintiff (Lum, Biunno & Tompkins, attorneys).
*346 Joseph S. Trapanese, for defendant.
SAUNDERS, J.S.C. (temporarily assigned).
This contract action raises the novel issue whether the Uniform Commercial Code (N.J.S.A. 12A:1-207) has altered the common law principle of accord and satisfaction affecting "full payment checks". More specifically, the question is whether a disputed claim is extinguished when the debtor tenders to the creditor a check marked "paid in full" and the creditor deposits the check after endorsing it "without prejudice" and notifies the debtor he is reserving his right to contend for the balance of the claim.
There is no dispute between the parties with respect to those facts necessary to decide the issue whether, prior to this litigation, an accord and satisfaction had been reached by the parties. On June 15, 1978 defendant, a retail store, purchased from plaintiff, a wholesale distributor, 12 Pioneer home stereo systems at a total cost of $2,785.64. A dispute arose as to the quality of the merchandise and the repair services offered by plaintiff, and thereafter it was agreed that eight of the units would be returned to plaintiff for full credit. A credit of $1,805.76 was issued to defendant, leaving a balance of $979.88.
Four of the units were not to be returned because the cartons had been opened, but a dispute arose as to the wholesale price to be paid by defendant for this merchandise. Subsequent to the delivery of the merchandise to defendant, and before payment by defendant, the wholesale price for each item had been reduced by $41. In addition, defendant claims an additional $81 credit on account of improperly substituted merchandise returned by plaintiff to defendant.
Shortly after this controversy arose defendant forwarded to plaintiff defendant's check in the amount of $734.88 with a notation on the front "paid in full." Along with the check defendant sent a letter of transmittal to plaintiff's attorney which summarized the dispute between parties, and attaching a "correct statement" explaining how the amount of the check *347 was calculated. The court finds that there was a genuine dispute between the parties as to the amount of money due from defendant to plaintiff.
The general rule in New Jersey as to the effect of the acceptance of a full payment check was announced in Decker v. Smith & Co., 88 N.J.L. 630 (E. & A. 1916). When a claim is unliquidated and a check is tendered in full settlement, giving the creditor notice of this condition, the creditor's retention and use of the check constitutes an accord and satisfaction. Id. at 633; Rose v. American Paper Co., 83 N.J.L. 707 (E. & A. 1912).
Sixty years later another court was faced with the issue whether an explicit reservation of rights preventing an accord and satisfaction arose when the creditor obliterated a statement that the check was in full payment and substituted his own notation that it was in partial payment only. A.G. King Tree Surgeons v. Deeb, 140 N.J. Super. 346 (Cty.D.Ct. 1976).
However, it is clear that plaintiff had no right to alter the check. If the check was unacceptable as a final settlement, plaintiff's remedy was to return the check to defendant and sue for the full amount claimed due. Plaintiff chose rather to alter the check, accept the $100 `in partial payment' and sue for the difference. Id. at 349; [emphasis supplied].
The court found that once the check was deposited by the creditor, no matter what alterations its president personally made on the reverse side, an accord and satisfaction was reached. Hence, the New Jersey rule has been that when a check is tendered as payment for an unliquidated claim on the condition that it be accepted in full payment, the creditor is deemed to have accepted this condition by depositing the check for collection notwithstanding any obliteration or alteration. See, also, Loizeaux Builders Supply Co. v. Ludwig Co., 144 N.J. Super. 556 (Law Div. 1976); U.S. for Use of Glickfeld v. Krendel, 136 F. Supp. 276 (D.C.N.J. 1955).
Based upon the above facts, defendant argues that an accord and satisfaction was reached between the parties at the time the check was deposited notwithstanding the fact that plaintiff endorsed the reverse side of the check "without prejudice" and advised defendant by its attorney that the check was accepted without prejudice to plaintiff's rights.
*348 Plaintiff argues that the Uniform Commercial Code (hereinafter Code), N.J.S.A. 12A:1-207, alters the common law accord and satisfaction principle and permits the creditor to accept and cash the check offered and to sue the debtor for the balance if the creditor explicitly reserves his rights.
N.J.S.A. 12A:1-207 states:
A party who with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as `without prejudice', `under protest' or the like are sufficient.
There are no cases in New Jersey interpreting this section of the Code. The policy of the New Jersey Legislature in adopting the Code is that the courts of this State are to "consciously attempt to give the Code a uniform interpretation not only as between our courts but also with those of other states wherever possible. N.J.S. 12A:1-102(2)(c). Therefore, sister-state interpretations of the Code are more than mere persuasive authority." A.J. Armstrong, Inc. v. Janburt Embroidery Corp., 97 N.J. Super. 246, 259 (Law Div. 1967); In re Varney Wood Products, Inc., 458 F.2d 435 (4 Cir.1972).
The reported decisions in other jurisdictions interpreting § 1-207 and discussing its effect on the common law rule of accord and satisfaction have not been in agreement.
Only New York state has held that § 1-207 has altered the common law rule. Lange-Finn Constr. Co., Inc. v. Albany Steel & Iron Supply Co., 94 Misc.2d 15, 403 N.Y.S.2d 1012 (Sup.Ct. 1978), and Ayer v. Sky Club, Inc., 70 App.Div.2d 863, 418 N.Y.S.2d 57 (App.Div. 1979). Four courts have acquiesced to this view in dicta. Baillie Lumber Co. v. Kincaid Carolina Corp., 4 N.C. App. 342, 167 S.E.2d 85 (Ct.App. 1969); Miller v. Jung, 361 So.2d 788 (Fla.Ct.App. 1978); Bivins v. White Dairy, 378 So.2d 1122 (Ala. Civ. App. 1979); Scholl v. Tallman, 247 N.W.2d 490 (S.D. Sup.Ct. 1976). Conversely, two courts have held specifically that § 1-207 does not change existing law. Jahn v. Burns, 593 P.2d 828 (Wyo.Sup.Ct. 1979); Brown v. Coastal Truckways, Inc., 44 N.C. App. 454, 261 S.E.2d 266 (Ct.App. 1980). The Supreme Courts of two states have acknowledged the issue but were able *349 to decide their cases on alternative grounds. Kilander v. Blickle Co., 280 Or. 425, 571 P.2d 503 (Sup.Ct. 1977); Fritz v. Marantette, 404 Mich. 329, 273 N.W.2d 425 (Sup.Ct. 1978).
The New York cases which have concluded that § 1-207 permits a party to reserve his rights while cashing a check offered in full payment are distinguishable. Lange-Finn and Ayer were decided on the strength of the New York annotations to the Code. The annotation following § 1-207 in the New York statutes reads as follows:

This section permits a party involved in a Code-covered transaction to accept whatever he can get by way of payment, performance, etc., without losing his rights to demand the remainder of the goods, to set-off a failure of quality, or to sue for the balance of the payment, so long as he explicitly reserves his rights.

........

The Code rule would permit, in Code-covered transactions, the acceptance of a part performance or payment tendered in full settlement without requiring the acceptor to gamble with his legal right to demand the balance of the performance or payment. [Emphasis supplied].
The New York annotation clearly deals with the effect of § 1-207 on the "full payment check" and concludes that the rule of accord and satisfaction has been changed. However, as will be noted below, the New Jersey Study Comment did not adopt the New York Study Commission's report and conducted its own analysis of the Code. It gave no indication that, in adopting § 1-207, the New Jersey Legislature would change the common law rule.
The Uniform Commercial Code became the law of New Jersey on January 1, 1963 as Title 12A of the New Jersey Revised Statutes. When the courts in A.G. King Tree Surgeons, supra, and in Loizeaux Builders Supply Co., supra, announced their decision to follow the majority rule with respect to accord and satisfaction they did not consider the possible application of § 1-207.
The plaintiff argues that the Legislature intended § 1-207 to redefine the law of accord and satisfaction and to restrict the use of the "full payment check." A review of the Comments to *350 § 1-207 and its legislative history reveals no such intent.[1] The New Jersey Study Comment does not mention the rule on accord and satisfaction.[2] The Comment only states that § 1-207 is in accord with its predecessor statute, N.J.S.A. 46:30-55 (§ 49 of the Uniform Sales Act).
N.J.S.A. 46:30-55 did not purport to alter the rule of common law accord and satisfaction. Its language spoke only to the acceptance of goods, not payments. That statute made it clear that the buyer did not waive a subsequent action for breach of warranty by his acceptance of defective goods, provided notice of the breach was given to the seller within a reasonable time. New Jersey Study Comment, N.J.S.A. 12A:1-207.[3] It would appear that the Legislature adopted § 1-207 presupposing that it reflected existing law.
Similarly, the Uniform Commercial Code Comments to § 1-207 do not reflect a legislative intent to change the common *351 law rule. Comment One states that "This section provides machinery for the continuation of performance along the lines contemplated by the contract despite a pending dispute . ." (emphasis supplied). An accord and satisfaction involves a new contract, not the contemplated performance of the original contract. By using the "full payment check" the buyer is seeking to fulfill, not continue, its duty to pay. Brown v. Coastal Truckways, Inc., supra, 261 S.E.2d at 268. See also, Hawkland, "The Effect of U.C.C. § 1-207 on the Doctrine of Accord and Satisfaction by Conditional Check." 74 Comm.L.J. 329, 331 (1969); Rosenthal, "Discord and Dissatisfaction: Section 1-207 of the Uniform Commercial Code," 78 Col.L.Rev. 48 (1978).[4]
Lastly, the legislative history of the Uniform Commercial Code is not supportive of plaintiff's argument. In his article Professor Rosenthal points out that the 1952 Official Draft of the Code had included § 3-802(3). That section, which was subsequently deleted in the 1956 Draft, read:
Where a check or similar payment instrument provides that it is in full satisfaction of an obligation the payee discharges the underlying obligation by obtaining payment of the instrument unless he establishes that the original obligor has taken unconscionable advantage in the circumstances.
Rosenthal noted that despite the apparent overlap of §§ 1-207 and 3-802(3) there was no indication in the Official Comments that these sections were intended to deal with the same subject matter although somewhat inconsistently. In fact, the drafters of the Code had failed to append any cross-references to either *352 section. The absence of such references "suggests that § 1-207 was not conceived as affecting the efficacy of the full-payment check." Fritz v. Marantette, 404 Mich. 329, 273 N.W.2d 425, 429 (Sup.Ct. 1978). If a change in existing law was contemplated by the adoption of § 1-207, it must be presumed that the New Jersey Study Commission and/or the Legislature would have pointed this out expressly. See footnote 2 of this opinion.
The court does not find any evidence in either the legislative history or the commentaries to § 1-207 supporting plaintiff's position that the law of accord and satisfaction has been altered.
If the court were to conclude that a creditor could reserve his rights on a "full payment check," a convenient and informal device for the resolution of disagreements in the business community would be seriously impeded. The court is hesitant to impair such a valuable, informal settlement tool where there is no indication that the legislature intended that result. I find that the acceptance by the creditor of a check offered by the debtor in full payment of a disputed debt is an accord and satisfaction of the debt and no condition of protest or attempted reservation of rights can affect the legal quality of the action. I hold that N.J.S.A. 12A:1-207 has not altered the common-law rule of accord and satisfaction.
Judgment for the defendant.
NOTES
[1] The New Jersey Study Comments, prepared by the 1959 New Jersey Commission to Study and Report upon the Uniform Commercial Code, and the Uniform Commercial Code Comments, drafted under the direction and supervision of the American Law Institute and the National Conference of Commissioners on Uniform State Laws.
[2] In outlining the scope and importance of the Code, the chairman of the New Jersey Study Commission had remarked in his Second Report that the Commission's task was "to analyze existing commercial law in New Jersey and the effect on such law of the adoption of the Uniform Commercial Code." Second Report of the State of New Jersey Commission to Study and Report Upon the Uniform Commercial Code.

The chairman also said that "At this stage it [the report] is neutral, pointing out every place where changes will be effected in existing law and analyzing the changes without expressing a judgment as to their merits." Ibid. The annotations which now follow the respective sections of the Code are designed to fulfill this goal. Introductory commentary to N.J.S.A. 12A:1-101 et seq. (Subtitle 1).
[3] The cases citing N.J.S.A. 46:30-55 all involved sales of goods and raised the issue whether timely notice of the breach of warranty had been given. Johnson v. Hoffman, 7 N.J. 123, 131-132 (1951); Massari v. Accurate Bushing Co., 8 N.J. 299, 310-311 (1951); DeRose v. Hunter Lindsay Corp., 41 N.J. Super. 178, 183-186 (Law Div. 1956); Hayes v. Kluge, 86 N.J.L. 657, 660 (E. & A. 1914); Vapor Vacuum Heating Co. v. Kaltenbach & Stephens, Inc., 94 N.J.L. 450, 452 (E. & A. 1920); Bass v. Bellofatto, 96 N.J.L. 320 (E. & A. 1921).
[4] Both Hawkland and Rosenthal have questioned whether § 1-207 was designed to alter the law of accord and satisfaction.

Hawkland has suggested that 1-207 permits parties to go ahead with the performance of a contract without the fear of waiver. He cites as examples: (1) the buyer who makes an installment payment under a contract which he thinks the seller has breached; (2) the buyer who accepts a nonconforming delivery, and (3) the seller who continues to perform despite the buyer's anticipatory repudiation. Hawkland, supra at 331.
Rosenthal offers what he considers to be the better interpretation  that "section 1-207 was meant to apply only where one party's acquiescence in the other's performance or demand might, by operation of law, result in a waiver or other basis for prejudicing his rights." Rosenthal, supra at 63.